T.C. Memo. 2013-296

UNITED STATES TAX COURT

MICHAEL E. ADIGHIBE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24251-12L.                    Filed December 30, 2013.

Michael E. Adighibe, pro se.

<u>Emerald G. Smith</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioner

seeks review pursuant to section 6330(d)(1) of the determination by the Internal

[*2] Revenue Service (IRS or respondent) to uphold a notice of intent to levy.[1]
Respondent has moved for summary judgment under Rule 121, contending that
there are no disputed issues of material fact and that his action in sustaining the
levy was proper as a matter of law. We agree and accordingly will grant the
motion.

## Background

Respondent examined petitioner's Federal income tax returns for the 2008
and 2009 tax years. Respondent made adjustments to petitioner's tax liabilities
based, in part, on respondent's findings that petitioner was not engaged in a trade
or business for those years, that petitioner failed to report various items of income,
and that petitioner failed to substantiate claimed deductions. On February 14,
2011, respondent issued to petitioner a notice of deficiency for both years.
Petitioner does not dispute that he received the notice of deficiency, and he did not
contest either deficiency by filing a petition with this Court.

On April 28, 2011, petitioner filed his 2010 Federal income tax return but
did not pay the reported tax liability. After adjusting for mathematical errors,

---

[1]All statutory references are to the Internal Revenue Code in effect at all
relevant times, and all Rule references are to the Tax Court Rules of Practice and
Procedure.

[*3] respondent assessed on August 1, 2011, the tax due, a late-filing penalty, and interest for petitioner's 2010 tax year.

On March 2, 2012, respondent mailed to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing for tax years 2008-10. On March 29, 2012, petitioner, through his representative, timely mailed to respondent a completed Form 12153, Request for a Collection Due Process or Equivalent Hearing. In his request for a CDP hearing petitioner did not contest the underlying liabilities but did seek a collection alternative in the form of an installment agreement or offer-in-compromise. The IRS acknowledged receipt of petitioner's request via letter dated May 16, 2012.

On May 22, 2012, a settlement officer (SO) from the IRS Appeals office sent petitioner a letter (with a copy to his representative) scheduling a telephone CDP hearing for July 11, 2012. The SO informed petitioner that in order for her to consider a collection alternative, petitioner would need to provide her with a copy of a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. The SO told petitioner that he also would need to provide a signed 2011 tax return, an OIC application fee or request for exception, and the required first payment of his offer.

**[*4]**   Neither petitioner nor his representative responded to the SO's request for information or otherwise communicated with the SO before the hearing.  On July 11, 2012, neither petitioner nor his representative participated in the scheduled CDP hearing.  After the scheduled time for the CDP hearing had passed, the SO sent petitioner a second letter requesting within 14 days the same financial information that she sought in her first letter.

On July 25, 2012, the SO received a fax from petitioner's new representative (second representative).  The second representative sought to reschedule the CDP hearing, asserting the need for additional time to gather petitioner's information and prepare a Form 433-A.  On August 1, 2012, the SO and the second representative spoke via telephone.  The second representative agreed to hold a telephone CDP hearing while they were both on the phone.

During their call on August 1, the second representative sought additional time to gather financial information from petitioner.  The second representative declined the SO's invitation to schedule a face-to-face hearing; rather, the only issue he raised with her was a request for more time to provide financial information to support an installment agreement.  The SO noted in her file that the second representative was employed by the same firm as the first representative and that the financial information had been requested more than 60 days

**[*5]** previously. However, she agreed to give the second representative two more weeks--until August 15, 2012--to provide petitioner's financial information. The SO warned that if she did not receive the information by August 15, she would issue a notice of determination based on the information in the case file.

On August 15, 2012, the day the materials were due, the second representative left a voicemail message for the SO. The SO returned the call the next day and spoke with the second representative. During their conversation the second representative indicated to the SO that he had been unable to reach petitioner and was therefore unable to submit the requested information. As a result, the SO sustained the determination to proceed with collection of the tax liabilities by levy. On August 20, 2012, the IRS issued to petitioner a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330. Petitioner timely sought review in this Court. Petitioner resided in Pennsylvania when he filed this petition with the Court.

## Discussion

A.    Summary Judgment

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). We may grant summary judgment when there is no genuine

**[\*6]** dispute as to any material fact and a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party.  Sundstrand Corp., 98 T.C. at 520.  However, the nonmoving party "may not rest upon mere allegations or denials" but instead "must set forth specific facts showing there is a genuine dispute."  Rule 121(d); see Sundstrand Corp., 98 T.C. at 520.  In the light of the IRS motion, its supporting affidavits, and petitioner's response, the Court concludes that there are no material facts in dispute and that this case is appropriate for summary adjudication.

B.     Standard of Review

Section 6330(d)(1) does not prescribe the standard of review that this Court shall apply in reviewing an IRS administrative determination in a CDP case.  The general parameters for such review are marked out by our precedents.  Where the validity of the underlying tax liability is properly at issue, the Court will review the Commissioner's determination de novo.  Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Where there is no dispute concerning the underlying tax liability, the Court reviews the IRS decision for abuse of discretion.  Id. at 182.  An abuse

**[\*7]** of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

Petitioner had an opportunity to dispute the underlying tax liabilities for 2008 and 2009. A notice of deficiency was mailed to him for those years; he does not dispute that he received it; and he did not seek review in this Court. Having forfeited that opportunity, petitioner could not contest his underlying tax liability for 2008 or 2009 in his CDP hearing and cannot do so before this Court. See sec. 6330(c)(2)(B); sec. 301.6330-1(e)(3), Q&A-E2, (f)(2), Q&A-F3, Proced. & Admin. Regs. We will therefore review the IRS's determination concerning 2008 and 2009 for abuse of discretion. See Goza, 114 T.C. at 182.

Because petitioner did not receive a notice of deficiency for 2010 or otherwise have an opportunity to dispute his liability for that year, he could have raised his underlying tax liability for that year at his CDP hearing. See sec. 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs. However, because neither petitioner nor his representative challenged his underlying liability for 2010 before the IRS Appeals Office, we cannot review his underlying liability for that year either. See sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. We will

[*8] accordingly review the IRS's determination concerning 2010 for abuse of discretion.  See Goza, 114 T.C. at 182.[2]

C.    Analysis

Because petitioner's underlying tax liabilities are not properly at issue, the only question we consider is whether respondent abused his discretion in sustaining a levy to collect those liabilities.  We review the record to determine whether the Appeals officer (1) verified that the requirements of applicable law and administrative procedure have been met; (2) considered whether the issues raised by the taxpayer have merit; and (3) considered whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary."  Sec. 6330(c)(3).  At the CDP hearing the taxpayer may raise any relevant issue relating to the unpaid tax or levy, including "challenges to the

---

[2]Petitioner attached maps, telephone directories, client lists, and canceled checks to his response to respondent's motion for summary judgment, evidently to support his assertions that he had a trade or business in 2008 and 2009 and that respondent's disallowance of his claimed expense deductions was improper. However, as discussed in the text, we cannot review petitioner's underlying tax liabilities for the years at issue.  Even if we were able to review those underlying tax liabilities as petitioner seems to desire, his documentation relates to years 2005, 2006, and 2007 and would be irrelevant.

**[\*9]** appropriateness of collection actions" and "offers of collection alternatives." Sec. 6330(c)(2)(A)(ii) and (iii).

Neither petitioner nor his representative participated in the originally scheduled CDP hearing. At the August 1 CDP hearing petitioner's sole contention, raised through the second representative, was that he wanted an installment agreement. The SO properly declined to consider an installment agreement, however, because petitioner failed to provide the SO with the requested financial information, even after the SO granted an extension of time to petitioner's representative. The extension of time that the SO granted on August 1 was in addition to multiple extensions of time she had granted previously. Our review of the record convinces us that the IRS went the extra mile in this case and that petitioner and his successive representatives were simply unresponsive.[3]

It is clear from our review of the record that the Appeals officer verified that the requirements of applicable law and administrative procedure were followed;

---

[3]Petitioner asserts that he was out of the country from August 3 to August 26, 2012, and was thus unable to communicate either with the SO or the second representative during this period. This excuse is unconvincing. Petitioner had nine weeks to supply the requested financial information, which was originally requested on May 22. The SO provided the final 14-day extension on August 1, before petitioner left the country. Petitioner has not explained why he did not inform either the SO or his representative that he was about to leave the country for three weeks.

**[*10]** that petitioner's claims lack merit; and that in sustaining the levy the Appeals officer properly balanced "the need for the efficient collection of taxes with the legitimate concern of [petitioner] that any collection action be no more intrusive than necessary." See sec. 6330(c)(3). Finding no abuse of discretion in any of these respects, we will grant summary judgment for respondent and affirm the proposed collection action.[4]

An appropriate order and decision will be entered.

---

[4]In his response petitioner appears to question the quality of his representation during the IRS administrative proceedings. This Court is a court of limited jurisdiction, and we lack general equitable powers. See Commissioner v. McCoy, 484 U.S. 3 (1987). We cannot address petitioner's alleged grievances in this respect.