**Albert C. SIMMONS, Appellant**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 12–1041.

United States Court of Appeals, District of Columbia Circuit.

May 7, 2013.

Carol Barthel, Teresa E. McLaughlin, Francesca Ugolini Tamami, U.S. Department of Justice, Washington, DC, for Appellee.

Before: GARLAND, Chief Judge, ROGERS and GRIFFITH, Circuit Judges.

## *JUDGMENT*

PER CURIUM.

This case is before us on appeal from the Tax Court's grant of summary judgment to the Commissioner of Internal Revenue, as well as the Tax Court's denial of the motion to vacate that decision. The issues were considered on the record and briefs submitted by the parties. *See* FED. R.APP. P. 34(a)(2); D.C. CIR. R. 34(j). It is

**ORDERED AND ADJUDGED** that the Tax Court's September 15, 2011, order granting summary judgment and its October 21, 2011, order denying the motion to vacate be affirmed.

This case involves the Internal Revenue Service (IRS) whistleblower statute, which mandates that the Secretary of the Treasury provide a monetary award to any individual who provides the IRS with information about tax evasion, if that information leads the IRS to collect additional tax revenue, penalties, interest, or other proceeds. 26 U.S.C. § 7623(b). The statute also contains a provision for judicial review of award determinations in the Tax Court. 26 U.S.C. § 7623(b)(4).

As the Tax Court stated, "[n]one of the information provided in connection with the award claims resulted in the collection of additional tax, penalties, interest, or other proceeds." *Albert Simmons v. Comm'r of Internal Revenue*, T.C. No. 632–11W (Sep. 15, 2011). The appellant, Albert Simmons, admits as much. We have jurisdiction to hear an appeal from a denial of an application for a whistleblower award, but we have no power to grant what Simmons seeks: injunctive relief that orders the IRS to investigate his allegations of tax evasion. Because no revenue was collected, and because the Tax Court lacks the authority to order the Secretary to conduct audits of the companies identified by Simmons, the grant of summary judgment was proper.

The Tax Court properly relied on *Cooper v. C.I.R. (Cooper II)* in reaching this determination. "[A]lthough Congress authorized the Court to review the Secretary's award determination, Congress did not authorize the Court to direct the Secretary to proceed with an administrative

or judicial action." 136 T.C. 597, 600 (2011). The Tax Court has consistently held that a whistleblower award depends on

> *both* the initiation of an administrative or judicial action *and* collection of tax proceeds.... In a whistleblower action, however, we have jurisdiction only with respect to the Commissioner's award determination.... Our jurisdiction under section 7623(b) does not contemplate that we redetermine the tax liability of the taxpayer.

*Id.* (emphasis in original); *see also Whistleblower 14106–10W v. C.I.R.*, 137 T.C. 183, 189 (2011) (on substantially similar facts, granting summary judgment to the IRS and relying on *Cooper II* while noting that the collection of an award requires both the initiation of a proceeding by the IRS and also the collection of additional revenue); *Cohen v. C.I.R.*, No. 26925–11W, 2012 WL 4795295, at *3 (T.C. Oct. 9, 2012) (The court could "provide relief under section 7623(b) only after the Commissioner has initiated an administrative or judicial action and collected proceeds. Petitioner has not alleged the section 7623(b) threshold requirements have been met.").

In asking this court to provide him relief, Simmons relies on the Administrative Procedure Act, 5 U.S.C. § 706, and the All Writs Act, 28 U.S.C. § 1651. But neither aides him. The Tax Court is a court of limited jurisdiction. *See C.I.R. v. McCoy*, 484 U.S. 3, 7, 108 S.Ct. 217, 98 L.Ed.2d 2 (1987) ("The Tax Court is a court of limited jurisdiction and lacks general equitable powers."). The Tax Court's jurisdiction to redress whistleblower award disputes is limited to 26 U.S.C. § 7623. Neither the Administrative Procedure Act nor the All Writs Act expands that jurisdiction to allow the Tax court to provide the injunctive relief Simmons seeks. Just as the Tax Court cannot provide Simmons his desired remedy, neither can this court. *McCoy*, 484 U.S. at 6, 108 S.Ct. 217 ("Plainly, the court of appeals lacks jurisdiction ... to grant relief that is beyond the powers of the Tax Court itself.") (citations omitted). Simmons's remaining claims also fail. There has been no violation of his constitutional rights; administrative procedure is not offended by the disposition of his case; and challenges to the impartiality of the Tax Court lack merit.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold the issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.