**Roy J. MEIDINGER, Appellant**

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE,** Appellee.

**No. 13–1288.**

United States Court of Appeals, District of Columbia Circuit.

March 7, 2014.

Roy J. Meidinger, Fort Myers, FL, pro se.

Carol Barthel, Teresa E. McLaughlin, Thomas J. Clark, Kenneth L. Greene, U.S. Department of Justice, Washington, DC for Appellee.

BEFORE: TATEL, BROWN, and PILLARD, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States Tax Court; the briefs and appendices filed by the parties; appellant's Rule 28(j) letter; and the motion to expedite, opposition thereto, and reply. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the Tax Court's Order and Decision served August 30, 2013, be affirmed. The Tax Court correctly concluded that because the information appellant provided did not result in "initiation of an administrative or judicial action" or "collection of tax proceeds," *Cooper v. Comm'r*, 136 T.C. 597, 600 (2011), appellant was not eligible for a whistleblower award under 26 U.S.C. § 7623(b). *See Simmons v. Comm'r*, 523 Fed.Appx. 728, 729–30 (D.C.Cir.2013). The Tax Court also correctly declined to compel the Secretary to proceed with an administrative or judicial action based on appellant's claims because "both this court and the Tax Court have held that 'Congress did not authorize the [Tax] Court to direct the Secretary to proceed with an administrative or judicial action.'" *Cohen v. Comm'r*, No. 13–1075, 550 Fed.Appx. 10, 11, 2014 WL 209798, at *1 (D.C.Cir. Jan. 7, 2014) (quoting *Cooper*, 136 T.C. at 600); *see also Simmons*, 523 Fed.Appx. at 729–30. Moreover, the "Tax Court cannot compel the IRS to provide an explanation for its decision because the Tax Court only has authority to review whistleblower claims and grant relief if the IRS has initiated a proceeding against a taxpayer, which has not occurred here." *Cohen*, 550 Fed.Appx. at 11, 2014 WL 209798, at *1 (citing *Simmons*, 523 Fed.Appx. at 730). And even if the Administrative Procedure Act requires such an explanation, the Tax Court has no authority to provide that remedy. *Id.; see also Anonymous v. Comm'r*, 134 T.C. 13, 19 (2010). To the extent appellant seeks a damages award or other relief pursuant to the Tucker Act, 28 U.S.C. § 1491, that request also fails because the Tucker Act provides for jurisdiction in the United States Court of Federal Claims, not the Tax Court, and, in any event, appellant has not demonstrated the existence of an enforceable contract. It is

**FURTHER ORDERED** that the motion to expedite be dismissed as moot.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.