# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-1149**                                    **September Term, 2023**

**USTC-714-20W**

**Filed On:** March 6, 2024

Felix Luu,

        Appellant

        v.

Commissioner of Internal Revenue,

        Appellee


**ON APPEAL FROM THE UNITED STATES TAX COURT**

**BEFORE:**    Henderson, Millett, and Walker, Circuit judges

## J U D G M E N T

This appeal was considered on the record from the United States Tax Court and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing and appellant's motion to supplement the appendix, it is

**ORDERED** that the motion to supplement the appendix be granted. The Clerk is directed to file the lodged supplement and the lodged sealed supplement. It is

**FURTHER ORDERED AND ADJUDGED** that the Tax Court's January 6, 2023 decision granting summary judgment in favor of the Internal Revenue Service ("IRS") be affirmed. Appellant was issued a whistleblower award in connection with information that he provided to the IRS concerning his family's businesses and their shareholders, which included appellant and his siblings. Appellant challenged the award in Tax Court, arguing that his whistleblower award was an abuse of discretion because the audits conducted by the IRS during its investigation of his whistleblower information contained errors and were otherwise insufficient. Appellant therefore argued that the IRS should have collected more proceeds as a result of the information he disclosed. Appellant also argued that the IRS violated the Internal Revenue Manual ("IRM") during the course of its investigation, and that there was insufficient evidence to support the IRS's application of two negative factors that ultimately reduced his whistleblower award.

The court reviews de novo the Tax Court's decision to grant summary judgment. See Byers v. Comm'r of Internal Revenue, 740 F.3d 668, 675 (D.C. Cir. 2014). The Tax Court in this case reviewed appellant's whistleblower award to determine whether it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Appellant does not argue that the Tax Court should have applied a different standard of review, and he has therefore forfeited any challenge to that aspect of the Tax Court's decision. See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004). The court therefore assumes without deciding that the Tax Court applied the correct standard of review.

Here, the Tax Court did not err by rejecting appellant's argument that his whistleblower award was an abuse of discretion because the IRS should have collected more proceeds based on the information he provided. By statute, a whistleblower award consists of a percentage of the proceeds actually collected by the IRS as a result of an administrative or judicial action based on the whistleblower's information. See 26 U.S.C. § 7623(b)(1). The Tax Court does not have the authority to require the IRS to take further actions to collect more proceeds. See Cohen v. Comm'r of Internal Revenue, 550 F. App'x 10, 11 (D.C. Cir. 2014) (per curiam); Simmons v. Comm'r of Internal Revenue, 523 F. App'x 728, 730 (D.C. Cir. 2013) (per curiam).

In addition, the Tax Court did not err by rejecting appellant's argument concerning the IRM. "[I]t is well-settled . . . that the provisions of the [IRM] are directory rather than mandatory, are not codified regulations, and clearly do not have the force and effect of law." Marks v. Comm'r of Internal Revenue, 947 F.2d 983, 986 n.1 (D.C. Cir. 1991) (en banc) (per curiam).

Lastly, the Tax Court did not err by concluding that there was sufficient evidence in the record to support the IRS's application of the two negative factors that reduced appellant's whistleblower award. The IRS applied the negative factors based in part on its conclusion that, given his role within his family's businesses, appellant most likely was aware of the fraudulent activities at issue and participated in the associated accumulation of cash. Appellant does not address whether that conclusion is supported by sufficient evidence. He instead argues that statements by his siblings implicating him in the fraudulent activities at issue are unreliable because his siblings are not credible. However, appellant has not shown that the IRS relied on those statements in deciding to reduce his whistleblower award. In any event, statements that appellant was aware of the fraudulent activities are consistent with the inferences drawn by the IRS based on appellant's role in his family's businesses.

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 23-1149**                    **September Term, 2023**

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**