## COMMISSIONER OF INTERNAL REVENUE *v.*
## McCOY, EXECUTOR OF THE ESTATE OF McCOY

No. 87–75. Decided October 19, 1987

4

PER CURIAM.

In this case, we are asked to determine whether the United States Court of Appeals exceeded its jurisdictional authority when, after affirming a decision of the United States Tax Court, it granted the taxpayer-estate's request to forgive interest on the determined deficiency in estate tax and also to forgive a statutorily imposed late-payment penalty. We are constrained to hold that the Court of Appeals did exceed its authority.

I

Arthur H. McCoy died testate on April 23, 1980. His son, Robert McCoy, the respondent here, was appointed executor of his will. At his death, the decedent was the owner of an undivided interest in a family farm in Clinton County, Ohio. The then fair market value of that interest was $235,140. Under § 2032A of the Internal Revenue Code of 1954, as amended, 26 U. S. C. § 2032A (1982 ed. and Supp. III), however, an estate may elect a special method for valuing certain real property for federal estate tax purposes. This alternative usually is elected if it produces a lower valuation and a lower tax. At the time relevant for the McCoy estate, the election was available only if the land in question was "qualified real property," see § 2032A(b)(1), and only if the election was made "not later than the time prescribed by section 6075(a) for filing the [estate tax] return . . . (including extensions thereof) . . . ." 26 U. S. C. § 2032A(d)(1) (1976 ed.). Since § 6075(a) provided that the return was to be filed within nine months of the decedent's death, and since no extension of time was obtained, respondent was required to make any election under § 2032A not later than January 23, 1981.

Respondent, however, did not file the return for the decedent's estate until February 11. In the return, the election as to the interest in the farm—which, it is conceded, would have been "qualified real property"—was asserted. The Commissioner of Internal Revenue, however, took the position that the election was untimely under §§ 2032A and

6075(a), and that the farm interest therefore was to be valued at the date-of-death figure of $235,140, rather than at the special-use figure of $103,304.70 claimed in the return as filed. The lower value would have produced no tax. The Commissioner, using the higher value, determined a deficiency in estate tax of $22,159.72.

Respondent sought redetermination of the asserted deficiency in the United States Tax Court. He contended that the time for making the election under § 2032A had been extended retroactively by amendments to the statute effected by the Economic Recovery Tax Act of 1981, Pub. L. 97–34, § 421(k)(5), 95 Stat. 314, note following 26 U. S. C. § 2032A.

The Tax Court rejected respondent's contention and sustained the deficiency. Estate of McCoy, 50 TCM 1194 (1985), ¶ 85,509 P–H Memo TC. The Court of Appeals affirmed. 809 F. 2d 333 (CA6 1987). After the Tax Court's decision, respondent did not file the appeal bond required by 26 U. S. C. § 7485, if assessment and collection of the deficiency were to be stayed. Despite the pendency of the appeal to the Sixth Circuit, the Commissioner therefore assessed the deficiency and issued a notice and demand for payment. When the deficiency was not paid within 10 days, an addition to tax accrued under 26 U. S. C. § 6651(a)(3). Shortly after the Court of Appeals issued its affirming opinion, respondent paid the tax but filed a petition with the Court of Appeals asking that that court "forgive" interest on the assessment and also the late-payment penalty. Respondent asserted that the case was one of first impression and that the estate would otherwise be the victim of an obscure after-the-fact statutory amendment. Respondent also claimed that he had litigated in good faith the validity of his § 2032A election.

The Court of Appeals on March 2, 1987, entered an order granting the relief requested by respondent's petition. App. to Pet. for Cert. 1a. It noted that "the interest and penalties now exceed the assessed tax," and it concluded that the inter-

est and penalties should be forgiven "in order to achieve a fair and just result." *Ibid.* The Commissioner seeks a writ of certiorari.

## II

Under 26 U. S. C. § 7482(a), the regional federal courts of appeals have jurisdiction to review decisions of the Tax Court "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." Section 7482(c)(1) provides that "such courts shall have power to affirm or, if the decision of the Tax Court is not in accordance with law, to modify or to reverse the decision of the Tax Court." It follows that in reviewing a Tax Court decision, the duty of the court of appeals is to consider whether the Tax Court committed error. Plainly, the court of appeals lacks jurisdiction to decide an issue that was not the subject of the Tax Court proceeding or to grant relief that is beyond the powers of the Tax Court itself. *Taylor* v. *Commissioner*, 258 F. 2d 89, 91 (CA2 1958); *Vandenberge* v. *Commissioner*, 147 F. 2d 167, 168 (CA5), cert. denied, 325 U. S. 875 (1945). See *Commissioner* v. *Gooch Milling & Elevator Co.*, 320 U. S. 418 (1943). But cf. *Hormel* v. *Helvering*, 312 U. S. 552 (1941); *Singleton* v. *Wulff*, 428 U. S. 106, 120–121 (1976).

The Court of Appeals in this case clearly exceeded its jurisdictional bounds. Its only jurisdiction, under § 7482(a), was "to review the decisio[n] of the Tax Court." The latter court's decision was that "there is a deficiency in the amount of $22,159.72 in [respondent's] Federal estate tax." App. to Pet. for Cert. 28a. The Court of Appeals ruled that that decision was correct. Its duty, then, was to affirm the decision. It was not empowered to proceed further to decide other questions relating to interest and penalty—questions that were not presented, and could not possibly have been presented, to the Tax Court—or to grant relief that the Tax Court itself had no jurisdiction to provide.

Interest on a tax deficiency is separately mandated by 26 U. S. C. § 6601(a). A penalty that accrues under § 6651(a)(3) is also separate and outside the scope of the petition to the Tax Court. The deficiency asserted here was not assessed, and could not have been assessed, until after the Tax Court had rendered its decision. See § 6213(a). The Tax Court is a court of limited jurisdiction and lacks general equitable powers. *Commissioner* v. *Gooch Milling & Elevator Co.,* *supra.*

The estate, of course, was not without an opportunity to litigate the validity of the interest and the late-payment penalty. The proper procedure was for respondent to pay the interest and penalty and sue for their refund in an appropriate federal district court or in the Claims Court. The Sixth Circuit in the former case, and the Federal Circuit in the latter, then would have had jurisdiction to consider those issues on appeal.

We note in passing that the fact that the Court of Appeals' order under challenge here is unpublished carries no weight in our decision to review the case. The Court of Appeals exceeded its jurisdiction regardless of nonpublication and regardless of any assumed lack of precedential effect of a ruling that is unpublished.

Certiorari is therefore granted and the order of March 2, 1987, is reversed.

*It is so ordered.*

JUSTICE MARSHALL, dissenting.

I continue to be troubled by this Court's willingness to dispose of appeals and petitions for certiorari through summary *per curiam* opinions, without the benefit of briefing on the merits or review of the full record of proceedings below. I have elaborated this view before, see *Montana* v. *Hall*, 481 U. S. 400, 405, n. 1 (1987) (MARSHALL, J., dissenting), as have other Justices of this Court, see *id.*, at 405, n. 2, but the admonition bears repeating.

My doubts about summary dispositions encompass concerns about both the parties who seek our review and the integrity, perceived and actual, of our proceedings. The Rules of this Court urge litigants filing petitions for certiorari to focus on the exceptional need for this Court's review rather than on the merits of the underlying case. Summary disposition thus flies in the face of legitimate expectations of the parties seeking redress in this Court and deprives them of any opportunity to argue the merits of their claims before judgment. Moreover, briefing on the merits should be encouraged not only because parties expect and deserve it, but because it leads to greater accuracy in our decisions. Briefing helps this Court to reduce as much as possible the inevitable incidence of error and confusion in our opinions each Term. Finally, the practice of summary disposition demonstrates insufficient respect for lower court judges and for our own dissenting colleagues on this Court.

I adhere to the view that whenever the Court contemplates a summary disposition, it should review the full record below and invite the parties to file supplemental briefs on the merits if they wish. I remain unconvinced that this slight modification of our practice would unduly burden the Court. The benefits of increasing the fairness and accuracy of our decisionmaking and the value of according greater respect to our colleagues on this and other courts more than justify these modest accommodations.