105 F.3d 666
 79 A.F.T.R.2d 97-371, 97-1 USTC P 50,190
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Gerald L. SCHULMAN, Debtor.
Gerald L. SCHULMAN, Appellant,
v.
UNITED STATES INTERNAL REVENUE, David R. Gill Chapter 7
Trustee; United States Trustee; United States
Department of Justice, Appellees.
 Bankruptcy No. 94-55988.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 19, 1996.
 
 Before SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gerald L. Schulman filed a Bankruptcy petition under Chapter 7 of the Bankruptcy Code on February 3, 1992. The clerk of the Bankruptcy Court sent a notice to Schulman's counsel setting the date for the first meeting of creditors and setting a date sixty days after the first creditors' meeting as the deadline for filing a complaint to object to the discharge of the debtor. On June 12, 1992, one month after the complaint deadline had expired, the Bankruptcy Court entered an order discharging Schulman from "all dischargeable debts" in accordance with 11 U.S.C. § 727.
 
 
 3
 The filing of the bankruptcy petition had operated as a stay of proceedings before the United States Tax Court under 11 U.S.C. § 362(a)(8). This stay expired when Schulman received his discharge, on June 12, 1992. Two weeks after the discharge, the IRS issued a notice of deficiency. Under 26 U.S.C. § 6213(a), Schulman had ninety days in which to file a petition in the Tax Court to redetermine the deficiency and the penalties. Schulman did not file a petition, and the IRS assessed the deficiencies and demanded payment of two hundred million dollars.
 
 
 4
 Although the meeting of first creditors had been set, the meeting was rescheduled several times and was not held until after the discharge was issued. In its decision in this case, the Bankruptcy Appellate Panel ("BAP") concluded that the fact the first creditors' meeting had not been held prior to the discharge did not invalidate the discharge under Rule 4004(a) of the Federal Rules of Bankruptcy Procedure. Schulman does not contest this determination. At the time the discharge was issued, however, Schulman's counsel erroneously believed that the fact no creditors' meeting had been held invalidated the discharge, and on the strength of this conviction did not file a petition in Tax Court.
 
 
 5
 Schulman's counsel further expressed his conclusion to the IRS officer on the case who, as a result, wrote the following in a letter to Schulman:
 
 
 6
 Per my conversation with Mr. Salica [Schulman's counsel], it appears that your personal bankruptcy was discharged in error, therefore the letter regarding a demand for payment sent by this office is invalid. Please disregard this letter and our request that you contact our office to update your personal financial statement.
 
 
 7
 Appellant's opening brief, exhibit B.
 
 
 8
 Schulman filed a motion in Bankruptcy Court to vacate the discharge. Essentially, Schulman sought by this motion to be allowed to file a late petition in Tax Court: if the discharge were vacated, the stay on proceedings in Tax Court would be reinstated, and once the stay was lifted, the opportunity to file in Tax Court would be reinstated. The Bankruptcy Court denied Schulman's motion and the BAP affirmed.
 
 
 9
 Schulman appeals pro se from the BAP's decision and we affirm.
 
 DISCUSSION:
 
 10
 The BAP's judgment is reviewed de novo. In re Cisneros, 994 F.2d 1462, 1464 (9th Cir.1993). A bankruptcy court's decision whether or not to reopen a case is reviewed for abuse of discretion. Id. at 1464-65.
 
 
 11
 The Bankruptcy Court determined that the cause of Schulman's failure to properly file in Tax Court was his own inattention and neglect which did not warrant disturbing the Bankruptcy's discharge order. The BAP affirmed, holding that Schulman had not demonstrated excusable neglect.
 
 
 12
 We agree that Schulman has not demonstrated that the Bankruptcy Court abused its discretion in denying Schulman's motion. The cause of Schulman's failure to file was his misinterpretation of the Bankruptcy Rules, and "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Pioneer Investor Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 392, 113 S.Ct. 1489, 1946, 123 L.Ed.2d 74 (1993). Therefore, even though the cost of the mistake was great, the district court did not abuse its discretion by refusing to hold that this kind of mistake is excusable.
 
 
 13
 Further, as the district court recognized, the relief requested is unrelated to the mistake, because the mistake did not affect the propriety of the discharge in any way. Rather, the relief requested is an end run attempt around the strict jurisdictional barrier to late filings in the Tax Court. See Commissioner of Internal Revenue v. McCoy, 484 U.S. 3, 7, 108 S.Ct. 217, 219, 98 L.Ed.2d 2 (1987) (noting that the Tax Court is a court of limited jurisdiction and lacks general equitable powers); Correia v. Commissioner of Internal Revenue, 58 F.3d 468, 469 (9th Cir.1995) (holding that the timely filing of a petition for redetermination is a jurisdictional requirement).
 
 
 14
 Schulman argues that the fact that the IRS officer agreed with his counsel regarding the invalidity of the discharge is a ground for overturning the district court's order. To the extent this is an estoppel argument, it fails. The IRS officer's position was based on misinformation from Schulman's counsel, and so to the extent that the IRS would be estopped from benefitting from the fact the deadline for filing in Tax Court elapsed, Schulman is estopped from making the argument. To the extent that Schulman's argument is an attempt to show that the mistake was a reasonable one, it also fails. Mistakes regarding interpretation of the law, even reasonable ones, do not necessarily constitute excusable neglect. See Pioneer, 507 U.S. at 392, 113 S.Ct. at 1496. Therefore, no abuse of discretion has been demonstrated by the district court's denial of Schulman's motion.
 
 CONCLUSION:
 
 15
 The judgment of the Bankruptcy Appellate Panel is AFFIRMED. Schulman's request for oral argument is DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3