**Paul THORNTON, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee,**

No. 02–4051.

United States Court of Appeals, Second Circuit.

Oct. 22, 2003.

Paul Thornton, Bronx, NY, for Appellant, pro se.

Patricia M. Bowman (Gilbert S. Rothenberg, Eileen J. O'Connor, Assistant Attorney General, on the brief) Tax Division, Department of Justice, Washington, DC, for Appellee, of counsel.

PRESENT: WINTER, CABRANES and SACK, Circuit Judges.

## SUMMARY ORDER

On May 15, 2001, the Commissioner of Internal Revenue mailed a statutory notice of deficiency pursuant to Internal Revenue Code (I.R.C.) §§ 6212(b) and 6213(a) to Paul Thornton advising him of a deficiency in his income tax for the tax year 1999 in the amount of $5634. On August 20, 2001, 97 days after the notice was mailed, Thornton filed a petition for redetermination of the asserted deficiency. The Commissioner moved to dismiss the case for lack of jurisdiction, on the ground that, under I.R.C. § 6213(a), the period in which Thornton could file a petition with the Tax Court expired on August 13, 2001, 90 days after the deficiency notice was mailed to him.

The Tax Court ordered the case dismissed. The Court relied on the undisputed facts that (1) the petition was filed on August 20, 2001, 97 days after the notice of deficiency was mailed, and (2) the envelope in which the petition was received showed a U.S. postmark dated August 18, 2001, 95 days after the notice of deficiency was mailed. The Tax Court concluded that its jurisdiction depended on the timely filing of a notice of deficiency, and held that it had no equitable authority to extend the 90–day time limit.

We agree that the Tax Court had no subject-matter jurisdiction over the untimely petition. The Tax Court is a court of limited jurisdiction. See Commissioner v. McCoy, 484 U.S. 3, 6–7, 108 S.Ct. 217, 98 L.Ed.2d 2 (1987). The Court acquires jurisdiction over a petition only when a notice of deficiency has been issued and the taxpayer files a petition with the court within 90 days after the notice is mailed, not counting a Saturday, Sunday or legal holiday in the District of Columbia as the last day. See I.R.C. §§ 6213(a). Because the Tax Court lacked jurisdiction over Thornton's petition, the petition was properly dismissed. See Hoffenberg v. Commissioner, 905 F.2d 665, 666 (2d Cir.1990) ("A late petition will be dismissed for lack of jurisdiction, and the taxpayer's only remedy then will be to pay the deficiency and bring an action in the district court for a refund.").

We have considered all of plaintiff's claims on appeal and we hereby AFFIRM the judgment of the Tax Court.