# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1671

_____

Janice E. McDonald;                    *
William H. McDonald,                   *
                                       *
            Appellants,                *
                                       *    Appeal from the United
      v.                               *    States Tax Court.
                                       *
Commissioner of Internal               *         [UNPUBLISHED]
Revenue,                               *
                                       *
            Appellee.                  *

_____

Submitted: November 18, 2009
Filed:  January 19, 2010

_____

Before MELLOY, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

On April 6, 2006, the Commissioner of Internal Revenue, pursuant to 26 U.S.C. § 6212, issued a notice of deficiency to the McDonalds for the taxable year 2002. In response, on July 12, 2006, the McDonalds mailed a petition to the Tax Court challenging the deficiency notice pursuant to 26 U.S.C. § 6213. Section 6213 states that within ninety days after the notice of deficiency is mailed, the taxpayer may file

a petition with the Tax Court for a redetermination of the deficiency.[1]  26 U.S.C. § 6213(a).  Both parties filed motions to dismiss, and the Tax Court[2] granted the Commissioner's motion.  The Tax Court reasoned that because the McDonalds filed their action more than ninety days after the Commissioner issued the notice of deficiency, it did not have jurisdiction over the action.

The Tax Court's limited jurisdiction depends upon express statutory authority. Comm'r v. McCoy, 484 U.S. 3, 7 (1987).  Because the McDonalds did not meet the jurisdictional timely filing requirement in 26 U.S.C. § 6213(a), the Tax Court did not have jurisdiction and correctly dismissed the case.  Accordingly, we affirm.  See 8th Cir. R. 47B.

_____

---

[1]Although the McDonalds' petition was signed and dated July 3, 2006, it was not postmarked until July 12, 2006, and was not received by the Tax Court until July 17, 2006.  The ninety day period expired July 5, 2006.

[2]The Honorable Harry A. Haines, United States Tax Court Judge.