[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10462
Non-Argument Calendar
_____

Agency No. 6344-10


JOHN TED BAREFIELD,

Petitioner-Appellant,

versus

COMMISSIONER OF IRS,

Respondent-Appellee.

_____

Petition for Review of a Decision
of the U.S. Tax Court
_____

(December 18, 2012)

Before TJOFLAT, CARNES, and PRYOR, Circuit Judges.

PER CURIAM:

John Ted Barefield, proceeding pro se, appeals the tax court's order granting

summary judgment to the Internal Revenue Service and concluding that he owes a

tax deficiency on social security income he received in 2007.  Barefield contends that:  (1) the social security benefits he received are not taxable income; (2) the tax court should not have granted the IRS's motion for summary judgment without allowing him to argue his case in person; and (3) the IRS improperly assessed interest on his tax deficiency.

We review de novo the tax court's order granting summary judgment. Roberts v. Comm'r, 329 F.3d 1224, 1227 (11th Cir. 2003).  The tax court granted summary judgment to the IRS because it concluded that social security income is taxable regardless of whether that income is for disability benefits or old-age insurance benefits.  Barefield contends that because the social security benefits he received were disability benefits they are not taxable income.  We disagree.  The Internal Revenue Code states, "[G]ross income . . . includes social security benefits. . . ."  26 U.S.C. § 86(a)(1).  It defines a "social security benefit" as "any amount received by the taxpayer by reason of entitlement to—(A) a monthly benefit under title II of the Social Security Act, or (B) a tier 1 railroad retirement benefit."  Id. § 86(d)(1).  Title II of the Social Security Act expressly includes disability benefits.  See 42 U.S.C. § 423.  Under that plain statutory language, social security disability benefits are taxable income.

Barefield also contends that the tax court should have allowed him to argue his case in person before granting the IRS's motion for summary judgment.

2

Barefield cites no authority in support of that contention, and the tax court's Rules of Practice and Procedure specifically contemplate a ruling on a motion for summary judgment without a hearing.  See Tax Ct. R. 121(b).  Based on that rule, Barefield's contention lacks merit.

Finally, Barefield contends that the IRS improperly assessed interest on his tax deficiency because the tax court's judgment did not expressly state that interest would accrue on the amount of the deficiency.[1]  Interest on a tax deficiency is mandatory by statute.  See 26 U.S.C. § 6601.  The Supreme Court has instructed that when a taxpayer wants to challenge the validity of that interest, "[t]he proper procedure [i]s for [the taxpayer] to pay the interest . . . and sue for their refund in an appropriate federal district court or in the Claims Court."  Comm'r v. McCoy, 484 U.S. 3, 7, 108 S.Ct. 217, 219 (1987).  Thus, we lack jurisdiction to address the assessment of interest in this case.  See id. at 6, 108 S.Ct. at 219.

**AFFIRMED.**

---

[1] Barefield's brief to this Court refers to "penalt[ies] and interest," but the record does not show that any penalties were assessed against him.  The final tax bill that Barefield received from the IRS shows only a deficiency of $769.78 and interest of $135.38.