[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13312
Non-Argument Calendar
_____

Agency No. 5525-11


JOHN TED BAREFIELD,

Petitioner - Appellant,

versus

COMMISSIONER OF IRS,

Respondent - Appellee.


_____

Petition for Review of a Decision of the
U.S.Tax Court
_____

(January 18, 2013)

Before TJOFLAT, CARNES, and PRYOR, Circuit Judges.

PER CURIAM:

John Ted Barefield, proceeding pro se, appeals the tax court's order granting

summary judgment to the Internal Revenue Service and concluding that he owes a

tax deficiency on social security income he received in 2008.  Barefield contends that:  (1) the social security benefits he received are not taxable income because they are disability benefits; (2) the tax court should not have granted the IRS's motion for summary judgment without allowing him to argue his case in person; and (3) the IRS improperly assessed interest on his tax deficiency.  Those are the same contentions he made with respect to social security income he received in 2007.  In Barefield v. Commissioner, No. 12-10462, 2012 WL 6621305 (11th Cir. Dec. 18, 2012), we held that those contentions were without merit.  The law governing those issues did not change between 2007 and 2008 in any way that changes the outcome of this case.  As a result, we reject Barefield's contentions for the reasons stated in our earlier opinion.

Barefield also contends that the IRS improperly assessed a failure-to-pay penalty on his tax deficiency.  A failure-to-pay penalty is "separate and outside the scope of [Barefield's] petition to the Tax Court."  Comm'r v. McCoy, 484 U.S. 3, 7, 108 S.Ct. 217, 219 (1987).  On appeal, we cannot decide matters outside the scope of the tax court's decision.  Id.  Accordingly, Barefield's contention that the failure-to-pay penalty was improper is not properly before this Court.

**AFFIRMED.**

2