[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15054
Non-Argument Calendar
_____

Agency No. 5081-12 L

EDWARD STARLING,

Petitioner-Appellant,

versus

COMMISSIONER OF IRS,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
United States Tax Court

_____

(June 25, 2013)

Before WILSON, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Edward Starling, proceeding pro se, appeals the tax court's dismissal of his petition for lack of jurisdiction.  In his petition, Starling sought redetermination of deficiencies for tax years 1980 through 1997 on behalf of himself and on behalf of 1,100 of his former tax clients.  No reversible error has been shown; we affirm.[*]

We review subject matter jurisdiction de novo.  Peebles v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 431 F.3d 1320, 1324 (11th Cir. 2005).  And we review de novo the tax court's conclusions of law and review its findings of fact for clear error.  Estate of Wallace v. Comm'r, 965 F.2d 1038, 1044 (11th Cir. 1992).

"The Tax Court is a court of limited jurisdiction and lacks general equitable powers."  Comm'r v. McCoy, 108 S.Ct. 217, 219 (1987).  It has authority to redetermine tax deficiencies, 26 U.S.C. § 6214, and to review the determinations of Internal Revenue Service ("IRS") appeals officers, relating to unpaid taxes or proposed levies or liens, 26 U.S.C. §§ 6320(c), 6330(d).  To invoke the tax court's authority in either case, however, the IRS must issue the taxpayer a statutory

---

[*] Starling challenges the tax court's denial of his "Motion for Appearance and Representation," in which he sought to appear on behalf of his former tax clients.  Because nothing evidences that Starling, a non-lawyer, satisfied the requirements for admission to practice before the tax court, or that he was admitted to practice before the tax court, the tax court committed no error in denying Starling's motion.  See I.R.C. Rule 200 (setting forth the admission requirements for non-lawyers).

2

notice; and the taxpayer must timely petition to the tax court.  26 U.S.C. §§ 6212, 6213(a); 26 U.S.C. §§ 6320(a), 6330(a).  These statutory notices -- sometimes characterized as the taxpayer's "ticket" to the tax court -- are necessary prerequisites to the tax court's jurisdiction.  See Shockley v. Comm'r, 686 F.3d 1228, 1238 n.9 (11th Cir. 2012) ("The notice [of deficiency under § 6212] is . . . the taxpayer's jurisdictional ticket to the Tax Court."); Offiler v. Comm'r, 114 T.C. 492, 498 (2000) ("The notice of determination provided for in section 6330 is, from a jurisdictional perspective, the equivalent of a notice of deficiency.").

The tax court did not clearly err when it found that no prerequisite statutory notice had been issued in this case.  Although the IRS issued three notices of deficiency to Starling in the 1980s, the proceedings tied to those notices have long-since been resolved; and no new deficiency notices have been issued.  And nothing evidences that the IRS issued notices of determination to Starling for the pertinent tax years.  In the absence of a statutory notice and a timely petition, the tax court lacked jurisdiction over Starling's petition.

AFFIRMED.