Terilli v. Commissioner of Internal Revenue

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand fourteen.

PRESENT: AMALYA L. KEARSE,
         DENNIS JACOBS,
         REENA RAGGI,
                    **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X
**ALBERT TERILLI,**
         **Petitioner-Appellant,**

         **-v.-**                                    13-4523

**COMMISSIONER OF INTERNAL REVENUE,**
         **Respondent-Appellee.**
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              ALBERT TERILLI, <u>pro se</u>, Mount
                           Vernon, NY.

FOR APPELLEE:              MICHAEL J. HAUNGS (<u>with</u> John A.
                           Nolet <u>on the brief</u>) for Tamara
                           W. Ashford, Acting Assistant
                           Attorney General, Department of
                           Justice, Tax Division, Appellate
                           Section, Washington, DC.

Appeal from an Order and Decision of the United States Tax Court (Lauber, _J._).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the appeal be **DISMISSED**.

Albert Terilli appeals from the Order and Decision of the United States Tax Court (Lauber, _J._), ruling (on the parties' stipulation) that Terilli owed no income tax deficiency for the taxable year 2009. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Terilli failed to file an income tax return for 2009 and the Commissioner of the Internal Revenue Service ("IRS") assessed a tax deficiency in excess of $13 million and penalties. After Terilli provided documentation to the IRS, the parties agreed that Terilli, in fact, owed nothing. Terilli then filed a petition in the Tax Court challenging the deficiency and penalties. The IRS prepared a proposed decision reflecting the parties' agreement that Terilli owed nothing, and filed a motion for entry of the decision. Terilli objected on the ground that the proposed decision would not result in a determination of the amount of his claimed net operating loss ("NOL") in 2009. After a hearing, and an order to show cause why the decision should not be entered, the Tax Court granted the motion for entry of judgment. The Tax Court concluded that "[r]esolving a dispute as to the existence and size of a NOL . . . would not affect [its] decision" and "would simply provide an advisory opinion."

The Tax Court treated Terilli's motion for reconsideration as a motion to vacate its decision. The Tax Court determined that Terilli's motion was untimely and, in any event, meritless because the motion did not show unusual circumstances or substantial error and simply reiterated previously rejected arguments. Terilli appealed.

"One of the prerequisites to appellate jurisdiction . . . is that the appellant has standing to pursue the appeal. Because standing to appeal is conferred only on parties 'aggrieved' by the judgment, a party generally does not have standing to appeal when the judgment terminates the case in his favor." Concerned Citizens of Cohocton Valley, Inc. v. N.Y.S. Dep't of Envtl. Conservation, 127 F.3d 201, 204 (2d Cir. 1997) (internal

citations omitted). Terilli cannot show that he was aggrieved by any aspect of the Tax Court's Order and Decision. See In re DES Litig., 7 F.3d 20, 25 (2d Cir. 1993). The Order and Decision reflected the IRS's concession that no deficiency or penalties were owed; a determination of a 2009 NOL could not have affected the resolution of the dispute. See Comm'r v. McCoy, 484 U.S. 3, 6 (1987) (per curiam) ("[T]he court of appeals lacks jurisdiction to decide an issue that was not the subject of the Tax Court proceeding or to grant relief that is beyond the powers of the Tax Court itself."); North Carolina v. Rice, 404 U.S. 244, 246 (1971) ("[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them."); Roderick v. Comm'r, 57 T.C. 108, 112-13 (1971) ("What petitioners are asking is that we render an advisory opinion . . . . This we cannot do.").

For the foregoing reasons, and finding no merit in Terilli's other arguments, we hereby **DISMISS** the appeal.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3