T.C. Memo. 2018-119

UNITED STATES TAX COURT

TERRY JAY GRANT AND TWILA ROSE GRANT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7887-16.                           Filed August 1, 2018.

Terry Jay Grant and Twila Rose Grant, pro sese.

<u>Gretchen W. Altenburger</u>, <u>Michael T. Garrett</u>, and <u>Miles B. Fuller</u>, for
respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, <u>Judge</u>:  Respondent determined a deficiency of $4,308 in
petitioners' Federal income tax for 2014.  The issue for our consideration is

[*2] whether petitioners are entitled to a premium tax credit (PTC) and, if they are not, whether they are required to repay an advance payment of the PTC (APTC).

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in Montana when they timely filed their petition.

During 2014 both petitioners were employees of Big Sandy Activities, Inc. (Big Sandy Activities). Big Sandy Activities did not offer health insurance to its employees but arranged for employees to meet with an insurance agent. Petitioners had a joint meeting with the insurance agent.

For 2014 petitioner husband had healthcare insurance through Medicare. Petitioner wife was an enrolled member of the Chippewa Cree Tribe and received medical service coverage through the Indian Health Service (IHS). At the advice of the insurance agent petitioner wife enrolled in Blue Cross/Blue Shield of Montana (Blue Cross plan) for 2014. The premium cost was $390 a month.

**[*3]**   In 2014 a monthly APTC of $359 was paid on behalf of petitioner wife. She paid the remaining $31 each month.  For 2014 petitioners' adjusted gross income was $78,109.  Petitioners did not include $3,746 of Social Security benefits in their gross income.  When petitioners calculated their gross income for the purpose of determining petitioner wife's eligibility for the PTC, not all of petitioner husband's income was included.

On January 4, 2016, respondent issued to petitioners a notice of deficiency determining that petitioners were not entitled to the PTC and that they must repay the APTC paid on petitioner wife's behalf for 2014.  Petitioners' income tax return for 2014 did not include a Form 8962, Premium Tax Credit, used to reconcile the amount of APTC a taxpayer received with the amount he or she is entitled to receive.

OPINION

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct and the taxpayer bears the burden of proving those determinations are erroneous.  Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Petitioners do not dispute that an APTC was paid on petitioner wife's behalf.  Rather, they dispute that they should have to repay it.

**[\*4]** The PTC offsets the cost of health insurance. A recipient of the PTC can choose to receive the payments in advance, and these payments are paid monthly to the insurer. See sec. 36B; McGuire v. Commissioner, 149 T.C. ___, ___ (slip op. at 8-11) (Aug. 28, 2017) (discussing eligibility requirements).

At the end of the year a taxpayer who received an APTC is required to reconcile the amount of the PTC already received with the entitlement amount. See sec. 36B(f)(2). This reconciliation is done on Form 8962 filed with the taxpayer's tax return. If the amount of the APTC is more than the entitlement amount, the taxpayer owes the Government the excess credit, and it is reflected as an increase in tax. See sec. 36B(f)(2)(A); Keel v. Commissioner, T.C. Memo. 2018-5, at \*6.

A taxpayer with income greater than 400% of the Federal poverty line (FPL) is not eligible for the PTC, and the full amount of the APTC received during the tax year must be included as a tax liability on the taxpayer's tax return. Sec. 36B(c)(1)(A), (f)(2)(B); sec. 1.36B-4(a)(4), Example (5), Income Tax Regs. For 2014 the FPL was $15,510 for a household of two in Montana and 400% of the FPL was $62,040.[1] See 78 Fed. Reg. 5182-5183 (Jan. 24, 2013). Household

---

[1]Sec. 36B(d)(3)(B) provides that "[i]n the case of any qualified health plan offered through an Exchange for coverage during a taxable year beginning in a

(continued...)

**[*5]** income, as relevant to petitioners, is defined as modified adjusted gross income. See sec. 36B(d)(1), (2)(A). Modified adjusted gross income means gross income increased by certain items, including Social Security benefits not included in gross income. Sec. 36B(d)(2)(B)(iii).

Petitioners' modified adjusted gross income for 2014 was $81,855. This amount exceeds 400% of the FPL. They did not include all of their income in their application for petitioner wife's Blue Cross plan. Petitioners testified that they followed the guidance of the insurance agent.

Petitioners contend that they should not have to repay the amount of APTC paid on petitioner wife's behalf. They testified that petitioner wife enrolled in the Blue Cross plan only because she expected to receive a PTC. They also testified that they thought that the Blue Cross plan provided better healthcare coverage than the coverage petitioner wife received through IHS.

---

[1](...continued)
calendar year, the poverty line used shall be the most recently published poverty line as of the 1st day of the regular enrollment period for coverage during such calendar year." (Emphasis added.) Accordingly, the FPL for computing the PTC for a tax year is the FPL in effect on the first day of the initial or annual open enrollment period for the year before, i.e., petitioners' eligibility for the PTC in 2014 was based on the 2013 poverty guidelines. See sec. 1.36B-1(h), Income Tax Regs.

**[*6]** Petitioners seek equitable relief and argue that petitioner wife did not receive additional benefits because she already had healthcare coverage through IHS. We cannot ignore the law to achieve an equitable end. Commissioner v. McCoy, 484 U.S. 3, 7 (1987); McGuire v. Commissioner, 149 T.C. at ___ (slip op. at 14). Although we are sympathetic to petitioners, section 36B provides no relief based on taxpayer error. See sec. 36B. Petitioners received an advance of a credit to which they were not entitled and are liable for the $4,308 deficiency.

To reflect the foregoing,

Decision will be entered

for respondent.