# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60790
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2020

Lyle W. Cayce
Clerk

JON D. ADAMS,

      Petitioner - Appellant

v.

COMMISSIONER OF INTERNAL REVENUE,

      Respondent - Appellee

Appeal from a Decision of the
United States Tax Court
Tax Court No. 17289-18

Before STEWART, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Respondent–Appellee the Commissioner of Internal Revenue issued Petitioner–Appellant Jon D. Adams (Adams) a notice of deficiency for Adams's 1999 tax return. Adams appealed this tax determination, and the tax court entered a stipulated decision in agreement with both parties. However, this stipulation did not otherwise affect the $207,043.74 in interest that had accrued for his1999 tax return.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60790

In turn, Adams subsequently made a request for abatement of interest. The Commissioner denied such request, and Adams appealed to the tax court. Upon motion, the court granted summary judgment in the Commissioner's favor, holding that the Commissioner had not abused his discretion in denying taxpayer's request for abatement. Adams appeals this decision. We affirm.

I.

This appeal primarily stems from Adams's failure to account for the sale of his Jackson, Mississippi cabaret establishment on his 1999 tax return. This omission has cast a shadow on Adams ever since. He was convicted for falsifying his 1999 and 2000 tax returns,[1] and subsequently, the Commissioner levied this civil tax deficiency for the 1999 tax return that carried the interest charge at issue. Several events that occurred during this civil proceeding are worth noting.[2]

The civil examination into Adams's tax liabilities for the 1999 and 2000 tax years began in January 2011. Adams and the Internal Revenue Service (IRS) resolved the tax penalties for the 2000 tax return. As to the 1999 tax return, the IRS issued a $111,151.00 tax deficiency that carried a civil fraud penalty of $83,363.25, pursuant to Internal Revenue Code (IRC) § 6663. Adams petitioned for redetermination on this tax deficiency, and in 2016, the tax court entered a stipulated decision determining that Adams was liable for an income tax deficiency of $91,762.34 and a civil fraud penalty of $68,821.73.

Adams then filed a Form 843 (Claim for Refund and Request for Abatement) to request abatement of the $207,043.74 in accrued interest for the

---

[1] The criminal proceedings are chronicled in *United States v. Adams*, 314 F. App'x 633, 635–37 (5th Cir. 2009) (per curiam). Of note, we vacated the conviction as to the 1999 count. *Id.* at 638–44.

[2] We also adopt the detailed factual and procedural background history in *Adams v. Comm'r*, T.C. Memo. 2019-99, 2019 WL 3797612 (Aug. 12, 2019). The parties do not disagree with the factual or the procedural background considered by the tax court.

No. 19-60790

1999 tax year.  Adams's grounds for abatement were that (1) the interest amount was excessive under IRC § 6404(a); and (2) the IRS unreasonably delayed processing Adams's deficiency case, pursuant to IRC § 6404(e)(1).  The Commissioner denied Adams's request.  According to the Commissioner, IRC § 6404(b) precluded Adams from premising an abatement on IRC § 6404(a), and Adams failed to articulate a specific error or delay by the IRS in the performance of a ministerial or managerial act.  Adams filed a Formal Written Protest of Denial of Interest Abatement.  An appellate officer was assigned to the case and issued a Final Determination in February 2018 that affirmed the denial of Adams's request for interest abatement.  Adams appealed to the tax court.  The Commissioner subsequently moved for summary judgment, which the tax court granted.  Adams now appeals the tax court decision.

## II.

After considering the parties' arguments as briefed on appeal, and after reviewing the record, the applicable law, and the tax court's judgment and reasoning, we affirm the tax court's finding that the Commissioner did not commit an abuse of discretion in denying Adams's request for interest abatement.

"It follows that in reviewing a Tax Court decision, the duty of the court of appeals is to consider whether the Tax Court committed error." *Comm'r v. McCoy*, 484 U.S. 3, 6 (1987) (per curiam).

First, on appeal, Adams abandons his assertion that he is entitled to an abatement of interest under IRC § 6404(a).  The tax court dismissed this argument because Adams is seeking abatement of his 1999 income tax year and IRC § 6404(b) precludes abatement of interest on income tax.  *See Adams v. Comm'r*, T.C. Memo. 2019-99, 2019 WL 3797612, at *3–4 (Aug. 12, 2019).  We agree, and, because Adams no longer stands by this position on appeal, we

3

affirm. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned the claim.").

Under IRC § 6404(e)(1)(A), Adams may seek interest abatement, at the Commissioner's discretion, if Adams demonstrates that there is an unreasonable error or delay on the part of the IRS in the performance of a ministerial or managerial act.  "Ministerial act means a procedural or mechanical act that does not involve the exercise of judgment or discretion ...." 26 C.F.R. § 301.6404-2(b)(2).  According to the tax court, Adams only pointed to examples of the IRS using its judgment and discretion to discern a tax determination for his tax year, and "mere passage of time does not establish error or delay in performing a ministerial or a managerial act."  *Adams*, 2019 WL 3797612, at *5.  On appeal, Adams does not change his tone and continues to maintain that his tax interest is subject to abatement because of the lapse in time in which various IRS tax personnel were reviewing his deficiency case. Again, the "decision on how to proceed in the litigation phase of the case necessarily required the exercise of judgment and thus cannot be a ministerial act." *Lee v. Comm'r*, 113 T. C. 145, 150–51 (1999); *see also Bartelma v. Comm'r*, T.C. Memo. 2005-64, 2005 WL 713798, at *3 (March 30, 2005) (stating that "[d]eciding how and when to work on cases, based on an evaluation of the entire caseload and workload priorities, is not a ministerial act").  Because his examples only identify decision-making instances on the part of the IRS that involve the exercise of judgment or discretion, Adams fails to identify events of unreasonable delay that fall within the definition of a "ministerial or managerial act." *Cf.* 26 C.F.R. § 301.6404-2(b).  Adams therefore falls short in providing grounds for interest abatement.

For the foregoing reasons, we AFFIRM the summary judgment order in favor of the Commissioner and otherwise adopt the tax court's analysis in full.