T.C. Memo. 2021-126

UNITED STATES TAX COURT

RONALD E. KNOX AND JOAN S. KNOX, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14687-17.            Filed November 9, 2021.

Ronald E. Knox and Joan S. Knox, pro sese.

Nathan M. Swingley and Timothy A. Lohrstorfer, for respondent.

MEMORANDUM OPINION

JONES, Judge: By notice of deficiency dated April 7, 2017, respondent determined a deficiency of $7,332 in the Federal income tax of petitioners, Ronald E. Knox and Joan S. Knox, for the 2015 taxable year, and an accuracy-related

[*2] penalty under section 6662 of $1,466.[1]  The parties submitted this case for decision without trial under Rule 122.  See Rule 122(a).  The issue for our consideration is whether the Knoxes are entitled to a premium tax credit (PTC) and, if they are not, whether they are required to repay advance premium tax credit (APTC) payments of the PTC.

## Background

The following facts are derived from the joint stipulation of facts and attached exhibits.  The Knoxes resided in Indiana when they timely filed their petition.

For 2015 they reported $59,228 of Social Security benefits, of which $16,829 and $14,523 were attributable to lump-sum payments relating to 2013 and 2014, respectively.

From March through December 2015, Mrs. Knox enrolled in two separate policies through the health insurance marketplace provided by All Savers Insurance Co. (All Savers).  Mrs. Knox received the benefit of monthly APTC payments under both policies.

---

[1]Unless indicated otherwise, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

[*3]  The first All Savers policy covered the Knoxes from March 1 to May 11, 2015.  For March and April the monthly premium was $1,456, of which $1,286 was APTC paid on behalf of Mrs. Knox.  For May 1 to May 11 the first All Savers policy premium was $517, of which $456 was APTC.[2]  During the period when the first All Savers policy was in effect, Mrs. Knox received the benefit of APTC totaling $3,028.

Mrs. Knox was covered by the second All Savers policy from May 12 to December 31, 2015.  Under the second policy, only Mrs. Knox was insured.  For May 12 to May 31 the prorated premium was $450, of which $363 was APTC.  For the remaining months of 2015 the monthly premium was $698, of which $563 was APTC.  APTC totaling $4,304 was paid on her behalf for the period when the second All Savers policy was in effect.  Between the two All Savers policies, Mrs. Knox received a total benefit of $7,332 in APTC ($3,028 on the first policy plus $4,304 on the second) for 2015.

Pursuant to an extension, Mr. and Mrs. Knox timely filed their 2015 Form 1040, U.S. Individual Income Tax Return, on which they reported adjusted gross

---

[2]Because coverage under the first All Savers policy ended on May 11, and coverage under the second policy began the following day, the monthly premiums and corresponding APTCs for both policies were prorated in May.

[*4] income of $18,631. Of the $59,228 of income reported from Social Security benefits, they treated only $5,415 as taxable (i.e., they treated $53,813 as nontaxable). They did not report any excess APTCs on their 2015 Form 1040, nor did they attach the required Form 8962, Premium Tax Credit. The Knoxes made a section 86(e) election for a portion of their Social Security benefits.[3] In 2015 the Knoxes' family size was two for Federal income tax purposes.

In a notice of deficiency dated April 7, 2017, respondent determined that petitioners must repay $7,332 of excess APTCs and pay an accuracy-related penalty under section 6662 of $1,466.[4]

## Discussion

### I. Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct and the taxpayer bears the burden of showing that those determinations are erroneous. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). Accordingly,

---

[3]Respondent conceded that the Knoxes made an election pursuant to sec. 86(e) for the year at issue. As discussed infra, this election does not change the outcome of this case.

[4]Respondent conceded the penalty.

**[*5]** Mr. and Mrs. Knox bear the burden of showing their entitlement to a PTC for 2015.

## II.     Statutory and Regulatory Framework:  Section 36B

Congress enacted the Patient Protection and Affordable Care Act (ACA), Pub. L. No. 111-148, 124 Stat. 119 (2010), to "improve access to and the delivery of health care services for all individuals, particularly low income, underserved, uninsured, minority, health disparity, and rural populations".  Id. sec. 5001, 124 Stat. at 588.  Section 1401 of the ACA (124 Stat. at 213) created section 36B, which provides certain specified taxpayers a Federal income tax credit equal to the PTC amount for the taxable year.  Sec. 36B(a), (b), and (c); see McGuire v. Commissioner, 149 T.C. 254, 258-260 (2017).  The PTC subsidizes the cost of health insurance purchased through a health insurance exchange.  See sec. 1.36B-2(a), Income Tax Regs.

### A.     PTC Eligibility

The PTC is generally available to taxpayers with a household income of at least 100% but not more than 400% of the Federal poverty line.  Sec. 36B(c)(1); sec. 1.36B-2(b)(1), Income Tax Regs.  The Federal poverty line is defined by the Office of Management and Budget and is updated periodically in the Federal Register by the Secretary of Health and Human Services (HHS) under the authority

**[\*6]** of the Community Opportunities, Accountability, and Training and Educational Services Act of 1998. <u>See</u> Pub. L. No. 105-285, sec. 201, 112 Stat. at 2729 (codified at 42 U.S.C. sec. 9902(2) (2012)).

For any qualified health plan that is offered through an Exchange for coverage beginning in a calendar year, the Federal poverty line to be used is the most recently published poverty line as of the first day of the regular enrollment period for coverage for that calendar year. <u>See</u> sec. 36B(d)(3)(B). The first day of the regular enrollment period for 2015 was November 15, 2014. <u>See</u> 45 C.F.R. sec. 155.410(e)(1) (2017). As of November 15, 2014, the most recently published poverty guidelines were published in the Federal Register on January 22, 2014. <u>See</u> Annual Update of the HHS Poverty Guidelines, 79 Fed. Reg. 3593 (Jan. 22, 2014).

The PTC is based upon a number of factors, including the taxpayer's family size and household income. Household income is the sum of the taxpayer's modified adjusted gross income (MAGI) plus the MAGI of family members: (1) for whom the taxpayer properly claims deductions for personal exemptions and (2) who were required to file a Federal income tax return under section 1. Sec. 36B(d)(2).

**[\*7]** B.     Payment of APTCs

If someone cannot afford monthly health insurance premiums during the year, providing the credits after the end of the year is of little use.  McGuire v. Commissioner, 149 T.C. at 260.  Accordingly, APTCs are paid directly to an insurance provider during the year, and taxpayers are required to reconcile any APTCs received with the eligible credit amount on Form 8962, which is filed with their Federal income tax returns.  Sec. 36B(f); ACA sec. 1412, 124 Stat. at 231 (codified at 42 U.S.C. sec. 18082 (2012)); see also Johnson v. Commissioner, 152 T.C. 121, 124 (2019).

C.     MAGI and Social Security Benefits

Section 86(d)(1) defines "social security benefit[s]" as "any amount received by the taxpayer by reason of entitlement to--(A) a monthly benefit under title II of the Social Security Act, or (B) a tier 1 railroad retirement benefit."  Whether and to what extent Social Security benefits are included in a taxpayer's gross income (i.e., the taxable amount of Social Security benefits received) is calculated pursuant to a statutory formula set forth in section 86.  Sec. 86(a)-(d); see Johnson v. Commissioner, 152 T.C. at 126.  If the taxpayer receives a lump-sum Social Security benefit attributable to a prior year, the taxpayer may make an election under section 86(e) to limit the amount of the benefit that is included in gross

[*8] income for the year of receipt.  Sec. 86(e)(1); see Johnson v. Commissioner, 152 T.C. at 126.

Section 36B and its accompanying regulations are silent regarding the potential impact of a section 86(e) election on the calculation of MAGI.  See Johnson v. Commissioner, 152 T.C. at 127.  However, section 36B and the underlying regulations provide that a taxpayer's MAGI must be increased by Social Security benefits received in a taxable year that were "not included in gross income under section 86 for the taxable year."  Sec. 36B(d)(2)(B)(iii); see sec. 1.36B-1(e)(2), Income Tax Regs.

In Johnson v. Commissioner, 152 T.C. at 128, the Court recently addressed whether MAGI includes all Social Security benefits received during a taxable year. In that case the taxpayer received Social Security disability benefits in tax year 2014 as a lump-sum payment attributable to both the 2013 and 2014 tax years.  Id. at 122.  After receiving a notice of deficiency on account of excess APTCs, the taxpayer filed an amended return and made a section 86(e) election.  Id. at 123. The Court ultimately held that the taxpayer had to include in his MAGI all of the Social Security benefits received in the taxable year, irrespective of the section 86(e) election.  Id. at 128.

[*9] III.    Application of the Statute to the Knoxes

As discussed above, a taxpayer eligible for PTCs is generally one whose household income is at least 100% but not more than 400% of the Federal poverty line for the taxpayer's family size for the taxable year.  Sec. 36B(c)(1); sec. 1.36B-2(b)(1), Income Tax Regs.  Household income is defined as the taxpayer's MAGI plus the MAGI of certain family members.  Sec. 36B(d)(2).

A taxpayer calculates his MAGI for purposes of section 36B by increasing his adjusted gross income by the portion of the Social Security benefits received in a taxable year that is not included in gross income.  See sec. 36B(d)(2)(B); sec. 1.36B-1(e)(2)(iii); see also Johnson v. Commissioner, 152 T.C. at 126, 129.  Following that formula, Mr. and Mrs. Knox's MAGI is their adjusted gross income, $18,631, increased by the total amount of Social Security benefits not included in taxable income, or $53,813.  See Johnson v. Commissioner, 152 T.C. at 128.  Thus, their MAGI for taxable year 2015 is the sum of $18,631 and $53,813, which is $72,444.

The Federal poverty line for a family of two residing in Indiana during 2015 is $15,730.  See supra p. 6.  We find that $72,444 is 461% of the Federal poverty line during the 2015 tax year for the applicable family size residing in Indiana.  Because Mr. and Mrs. Knox's household income exceeded 400% of the Federal

[*10] poverty line, they did not qualify for the PTC, and the full amount of the APTCs they received during 2015 must be included as a tax liability on their return.  See sec. 36B(c)(1)(A), (f)(2)(A); Johnson v. Commissioner, 152 T.C. at 129; sec. 1.36B-4(a)(4), Example (5), Income Tax Regs.

Mr. and Mrs. Knox seek equitable relief as have many petitioners caught in this unfortunate circumstance.  See Grant v. Commissioner, T.C. Memo. 2018-119. While we are sympathetic to their plight, we cannot ignore the law to achieve an equitable end.  See Commissioner v. McCoy, 484 U.S. 3, 7 (1987); Johnson v. Commissioner, 152 T.C. at 128-129; McGuire v. Commissioner, 149 T.C. at 262. Mr. and Mrs. Knox received an advance of credit to which they were not entitled and are liable for the $7,332 deficiency.  Accordingly, we sustain respondent's determination.[5]

We have considered all of the arguments made by the parties and, to the extent they are not addressed herein, we deem them to be moot, irrelevant, or without merit.

---

[5]We direct respondent's counsel to include alternative payment possibilities for this deficiency in any subsequent correspondence with the Knoxes.

[*11] To reflect the foregoing,

<u>An appropriate decision will be entered</u>.