# United States Tax Court

T.C. Summary Opinion 2024-10

EDWARD GEORGE SHLIKAS,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 12027-22S.                                   Filed June 20, 2024.

————————

Edward George Shlikas, pro se.

*Susan A. Bechtel*, for respondent.

## SUMMARY OPINION

PANUTHOS, *Special Trial Judge*:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated February 28, 2022, respondent determined a deficiency in federal income tax of $13,702 and a section 6662(a) accuracy-related penalty of $2,740 for taxable year 2019 (year in issue).

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[2] the issue for decision is whether petitioner is subject to the 10% additional tax on early retirement distributions for tax year 2019.

*Background*

Some of the facts have been stipulated and are so found. We incorporate the Stipulation of Facts and attached Exhibits by this reference. The record consists of the Stipulation of Facts with attached Exhibits and the testimony of petitioner, Edward George Shlikas. Petitioner resided in Delaware when the Petition was timely filed.

I.  *Petitioner's Property*

Petitioner's mother purchased a home in Jarrettsville, Maryland (property), in 2009. Petitioner's mother was diagnosed with breast cancer in 2010. Around 2015 petitioner resigned from his job as a facilities manager at a private school to take care of his mother as her condition worsened. Petitioner also terminated his apartment lease and moved in with his mother, becoming her caregiver and the caretaker of the property.

Petitioner's mother died in 2018. In her will the property was left to petitioner and his brother, Gregory Mark Shlikas. On November 9, 2019, the property was transferred by deed from petitioner's mother's estate to petitioner and Gregory Mark Shlikas as joint tenants with right of survivorship.

Petitioner later arranged to purchase his brother's share of the property. In order to pay for his brother's share petitioner requested distributions from his retirement accounts and received $45,921 and $91,103 from TIAACREF Brokerage and TIAA Administrative Services LLC, respectively, for a total of $137,024.

On December 5, 2019, the property was transferred to petitioner as the sole owner for the sum of $130,000. Petitioner was 50 years old in 2019 when the distributions were made.

II.  *Petitioner's Tax Return*

Petitioner timely filed Form 1040, U.S. Individual Income Tax Return, for the year in issue. Petitioner reported $137,024 of taxable

---

[2] Respondent conceded the section 6662(a) accuracy-related penalty of $2,740.

income as a retirement distribution. Petitioner submitted two Forms 1099–R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., for TIAACREF Brokerage and TIAA Administrative Services LLC, respectively. The boxes were not checked on the Forms 1099–R to indicate that the accounts from which the distributions were made were a Traditional, an SEP, or a Simple individual retirement account (IRA).

On February 28, 2022, respondent issued a notice of deficiency determining that petitioner was liable for a 10% additional tax on early distributions from a qualified retirement plan under section 72(t).

*Discussion*

I.   *Burden of Proof*

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and taxpayers bear the burden of proving them erroneous.[3] Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).

Petitioner reported the income and does not dispute its inclusion. Petitioner bears the burden of proving that he is not liable for the 10% additional tax per section 72(t).

II.   *Section 72(t) Additional Tax*

Section 72(t) imposes a 10% additional tax on early distributions from qualified retirement plans as defined in section 4974(c) unless an exception applies under section 72(t)(2)(A). An early distribution is defined as one made before "the date on which the employee attains age 59 1/2." *See* § 72(t)(2)(A)(i). Exceptions to the additional tax on early distributions include, among others, distributions made for medical expenses, health insurance premiums for unemployed individuals, higher education expenses, and for first home purchases. *See generally* § 72(t). A qualified first-time homebuyer may except up to a lifetime limit of $10,000 from the 10% additional tax on early distributions from an individual retirement plan if he had no present ownership interest in

---

[3] Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established his compliance with its requirements. Therefore, petitioner bears the burden of proof.

a principal residence during the two years before acquisition of a home. *See* § 72(t)(2)(F), (8)(D)(i).

Petitioner does not dispute that he was under the age of 59-1/2 at the time of the distribution. Instead, petitioner contends that the age of 59-1/2 years is an arbitrary number considering that the retirement age to qualify for Social Security is higher than 59-1/2 years.

Petitioner contends that he is eligible for the qualified first-time homebuyer exception from additional tax of $10,000 per section 72(t)(2)(F). This exception is only available for distributions made from an individual retirement plan.[4] § 72(t)(2)(F). The record demonstrates that he did not indicate in his tax return for the year in issue that the distribution was made from an individual retirement plan. While he testified that he had a section 403(b) plan and that part of the distribution was made from a Roth IRA which qualifies as an individual retirement plan, petitioner has not produced any evidence in support of his position. Therefore, petitioner is not eligible for the qualified first-time homebuyer exception from additional tax.[5]

Petitioner contends that the imposition of the 10% additional tax on early distributions is arbitrary and capricious as the exceptions under section 72(t)(2) establish arbitrary qualifications. He contends it is arbitrary to allow an exception for using a distribution for higher education expenses per section 72(t)(2)(E) but not for the purchase of a home. He alternatively argues that had he made the distribution just 30 days later in 2020 instead of 2019, he would have qualified for the exception made for distributions under the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 2202, 134 Stat. 281, 340–43 (2020).

The Court is a court of limited jurisdiction and lacks general equitable powers. *Commissioner v. McCoy*, 484 U.S. 3, 7 (1987). There is no authority in the Code or caselaw for an equitable or hardship exception to the imposition of additional tax under section 72(t) on early

---

[4] An individual retirement plan is an IRA or an annuity as defined in section 408(a) and (b). *See* § 7701(a)(37).

[5] Respondent argues that on the basis of the deed dated November 9, 2019, petitioner had an ownership interest in the property before the purchase of his brother's share on December 5, 2019. *See* § 72(t)(8)(D)(i). Since we conclude that the distribution was not made from an eligible individual retirement plan, we need not opine further.

distributions from a retirement account. *See Arnold v. Commissioner*, 111 T.C. 250, 255 (1998).

The record demonstrates that an early distribution was made to petitioner, and he has not demonstrated that an exception applies to the imposition of the 10% additional tax per section 72(t).  Accordingly, we will sustain respondent's determination.

We have considered all arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered for respondent.*