T.C. Memo. 1998-53


UNITED STATES TAX COURT


DEWEY AND CARLENA K. HAMMOND, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5822-97.                    Filed February 10, 1998.


        R filed a motion, and Ps filed a cross-motion, for
partial summary judgment on the issue of whether
certain payments made by P-H to a former spouse during
taxable years 1993, 1994, and 1995 constitute
deductible alimony pursuant to sec. 215(a), I.R.C., or
are instead nondeductible child support within the
meaning of sec. 71(c), I.R.C.  <u>Held</u>:  R's motion for
partial summary judgment granted, and Ps' cross-motion
for partial summary judgment denied, Rule 121(b), Tax
Court Rules of Practice and Procedure; the payments at
issue are treated as fixed for child support and are
therefore nondeductible to Ps.  Sec. 71(c)(2), I.R.C.


<u>Joseph M. Seigler, Jr.</u>, for petitioners.

<u>Clinton M. Fried</u>, for respondent.

MEMORANDUM OPINION

NIMS, <u>Judge</u>:  This matter is before the Court on
respondent's motion, and petitioners' cross-motion, for partial
summary judgment filed pursuant to Rule 121 on August 28, 1997,
and September 29, 1997, respectively.

Unless otherwise indicated, all section references are to
sections of the Internal Revenue Code in effect for the years at
issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined the following deficiencies and
accuracy-related penalties with respect to the Federal income tax
of petitioners, Dewey and Carlena K. Hammond, for the taxable
years 1993, 1994, and 1995:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|---------------------|
| 1993 | $9,888 | $1,978 |
| 1994 | 9,028 | 1,806 |
| 1995 | 7,339 | 1,468 |

As a result of concessions made subsequent to the motion and
cross-motion for partial summary judgment, the parties now agree
that this case may be resolved in its entirety via summary
judgment.  The sole remaining issue for decision is whether
certain monthly payments of $2,000 made by Dewey Hammond (herein
Dewey or petitioner) to his former spouse, Rebecca Hammond
(Rebecca), during each of the years in issue pursuant to a

divorce decree are deductible alimony payments or, in the alternative, nondeductible child support payments.

Petitioners resided in Rome, Georgia, at the time they filed their amended petition.

## Background

The background facts related below are derived from the pleadings in this case, affidavits filed by both respondent's counsel and petitioner, the exhibits attached thereto, and the uncontroverted written representations of the parties.

Dewey and Rebecca had one child, Justin Joel Hammond (Justin), who was born in July 1985. In September 1988, Rebecca brought an action for divorce in the Superior Court of Gordon County, Georgia (Superior Court); a jury verdict was subsequently rendered. A "Final Judgment and Decree" of divorce (Judgment) incorporating the jury verdict was entered by the Superior Court on October 31, 1988.

Paragraph 1 of the Judgment awarded Rebecca semimonthly child support payments for Justin of $575, or $1,150 per month, until Justin attained 18 years of age, died, married, or joined the military.

Paragraph 2 of the Judgment provides as follows:

### ALIMONY

Upon said jury verdict, IT IS ORDERED, DECREED and ADJUDGED that the defendant DEWEY HAMMOND, III, pay to REBECCA HAMMOND the sum of $2,000.00 per month as alimony commencing October 1, 1988, and ending on JUSTIN JOEL HAMMOND'S eighteenth birthday, or at the

time of remarriage of REBECCA HAMMOND, whichever comes first.  [Emphasis added.]

The payments designated for child support in paragraph 1 of the Judgment were modified pursuant to an August 13, 1993, order of the Superior Court of Floyd County, Georgia.  The semimonthly payments were increased to $1,006.25, or $2,012.50 per month.

At all times during the years in dispute, petitioner made alimony and child support payments in accordance with the terms of the Judgment by separate check.  Each check was clearly marked either "alimony" or "child support" on its bottom left corner.

Petitioners jointly filed Forms 1040, U.S. Individual Income Tax Return, for taxable years 1993, 1994, and 1995.  Petitioners deducted as alimony on each return the total yearly payments of $24,000 made to Rebecca pursuant to the terms of paragraph 2 of the Judgment.  Respondent disallowed these deductions in their entirety.

In addition to the foregoing and the adjustments conceded by petitioners, respondent determined that petitioners were liable for accuracy-related penalties for negligence pursuant to section 6662(a) for those years.  During a telephone conference call between the parties and the Court held on October 10, 1997, respondent conceded that petitioners are not liable for the section 6662(a) accuracy-related penalties for the years in dispute.

Discussion

A motion for summary judgment may be granted if the pleadings and other materials demonstrate that no genuine issue of material fact exists and the decision can be rendered as a matter of law. Rule 121(b). As noted above, the parties agree that this case may be resolved by summary judgment, and we are satisfied that no genuine issue exists as to any of the material facts. We proceed accordingly.

Section 215(a) allows as a deduction to the payor an amount equal to the alimony or separate maintenance payments made during the payor's taxable year that are includable in the recipient's gross income under section 71(a). Whether a payment constitutes alimony or separate maintenance within the meaning of sections 71(a) and 215(a) is determined by reference to section 71(b).

Section 71(b) defines an alimony or separate maintenance payment as follows:

> (b) Alimony or Separate Maintenance Payments Defined.--For purposes of this section--
>
> > (1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if--
> >
> > > (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,
> > >
> > > (B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under

this section and not allowable as a deduction under section 215,

(C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

(D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Section 71(c), relating to payments to support children, provides in relevant part:

(c) Payments to Support Children.--

(1)  In general.--Subsection (a) shall not apply to that part of any payment which the terms of the divorce or separation instrument fix (in terms of an amount of money or a part of the payment) as a sum which is payable for the support of children of the payor spouse.

(2)  Treatment of certain reductions related to contingencies involving child.--For purposes of paragraph (1), if any amount specified in the instrument will be reduced--

(A)  on the happening of a contingency specified in the instrument relating to a child (such as attaining a specified age, marrying, dying, leaving school, or a similar contingency), or

(B)  at a time which can clearly be associated with a contingency of a kind specified in subparagraph (A),

> an amount equal to the amount of such reduction
> will be treated as an amount fixed as payable for
> the support of children of the payor spouse.

Thus, under section 71(c), if under the terms of the divorce or separation instrument any amount specified in the instrument will be reduced on the happening of a contingency relating to a child, including the child's attaining a specified age, an amount equal to the amount of the reduction will be treated as child support and will not qualify as alimony.

In the case before us, we have no difficulty in concluding that the Judgment's termination of the $2,000 monthly payments to Rebecca coinciding with Justin's eighteenth birthday is precisely the kind of contingency contemplated by the statute, which renders payments of the kind under scrutiny ineligible for treatment as alimony.  We reached the same conclusion in Fosberg v. Commissioner, T.C. Memo. 1992-713, involving an almost identical "contingency".  In addition, if further support for this conclusion were needed, section 1.71-1T(c), Q&A-16, Temporary Income Tax Regs., 49 Fed. Reg. 34456 (Aug. 31, 1984), provides, among other things, that

> A payment will be treated as fixed as payable for the
> support of a child of the payor spouse if the payment is
> reduced (a) on the happening of a contingency relating to a
> child of the payor, or (b) at a time which can clearly be
> associated with such a contingency.  A payment may be
> treated as fixed as payable for the support of a child of
> the payor spouse even if other separate payments

specifically are designated as payable for the support of a child of the payor spouse.

In opposition to respondent's motion, and in support of their cross-motion, petitioners argue that the contested payments are alimony rather than child support inasmuch as petitioner was also required to make separately allocated, fixed payments for child support under the terms of paragraph 1 of the Judgment during the years at issue. Petitioners maintain that section 71(c)(2) should not operate to "convert alimony payments to child support when child support payments are already fixed in accordance with section 71(c)(1)." Petitioners cite no authority in support of this proposition, and we have found none.

We are satisfied that the contested payments in 1993, 1994, and 1995 constitute nondeductible child support for Federal tax purposes, notwithstanding the fact that the Judgment labeled such payments "alimony" and the fact that the payments in question appear to have met all of the definitional requirements of section 71(b). See Jacklin v. Commissioner, 79 T.C. 340, 351-352 (1982); Heller v. Commissioner, T.C. Memo. 1994-423 ("As long as the definitional requirements of section 71(b)(1) are met, the parties' allocation of amounts are generally respected. Section 71(c)(2) represents one exception to this rule.") (fn. ref. omitted; emphasis added).

Finally, petitioners assert that it would be "inequitable" to treat the payments in dispute as child support. Regrettably for petitioners, this Court is not a court of equity and does not possess general equitable powers. Stovall v. Commissioner, 101 T.C. 140, 149-150 (1993) (citing Commissioner v. McCoy, 484 U.S. 3 (1987)). Even a District Court, with equitable powers, cannot disregard statutory terms. See INS v. Pangilinan, 486 U.S. 875, 883 (1988). Therefore, petitioners' argument on this score is unavailing.

We have considered the remaining arguments of petitioners and, to the extent we have not addressed them, find them to be unconvincing. We hold that petitioners are not entitled to alimony deductions in the amount of $24,000 claimed on each of their returns for taxable years 1993, 1994, and 1995.

To reflect the foregoing and concessions,

An appropriate order granting respondent's motion for partial summary judgment and denying petitioners' cross-motion for partial summary judgment will be issued, and decision will be entered under Rule 155.