T.C. Memo. 2014-67

UNITED STATES TAX COURT

ALLEN H. JOHNSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2028-12.　　　　　　　　　　Filed April 14, 2014.

<u>Eric William Johnson</u>, for petitioner.

<u>Christina L. Cook</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

BUCH, <u>Judge</u>:  Allen Johnson divorced in 2006.  Pursuant to a divorce

decree Mr. Johnson made "spousal maintenance" payments to his ex-wife and

claimed an alimony deduction on his 2008 Federal income tax return.  The spousal

maintenance payments were subject to a child-related contingency.  Specifically,

Mr. Johnson's payment obligation terminates when his youngest child graduates

**[*2]** from high school. Respondent disallowed Mr. Johnson's alimony deduction, determined a deficiency of $15,532, and imposed an accuracy-related penalty under section 6662(a).[1] Under section 71(c)(2), the amount of any payment that is subject to a child-related contingency is child support and not alimony. Because the spousal maintenance payments terminate based on a child-related contingency, we hold that Mr. Johnson is not entitled to deduct the payments to his ex-wife as alimony. Mr. Johnson is not liable for the section 6662(a) penalty, however, because he acted reasonably and in good faith.

## FINDINGS OF FACT

At the time the petition was filed, Mr. Johnson resided in Minnesota.

Mr. Johnson married in 1989. After more than 15 years of marriage, he divorced in 2006. At the time of the divorce Mr. Johnson and his ex-wife had three minor children.

A divorce decree entered on September 19, 2006, required Mr. Johnson to pay spousal maintenance of $6,068 per month. In addition to the spousal maintenance payments, the divorce decree also required Mr. Johnson to pay 40% of his gross bonus to his ex-wife. Both the periodic spousal maintenance

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect during the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** payments and the additional payment terminate upon the occurrence of any one of the following events:

(a) the graduation from high school of the youngest child;

(b) the remarriage of Mr. Johnson's ex-wife, or

(c) the death of either Mr. Johnson or his ex-wife.

The divorce decree states that the spousal maintenance should be deductible to Mr. Johnson under section 215 and includible in his ex-wife's gross income under section 71.

The divorce decree further obligated Mr. Johnson to pay $500 per month, adjusted for cost of living, for the support of his minor children until any one of a series of events occurs (including graduation from high school).

In July 2008 the Family Court of the State of Minnesota issued an order modifying the spousal maintenance amount from $6,068 per month to $4,000 per month and the child support amount from $500 to $200 per month. The termination clause of the spousal maintenance remained the same. On his 2008 Form 1040, U.S. Individual Income Tax Return, Mr. Johnson deducted the total of $54,788 in spousal maintenance payments as alimony. A certified public accountant (C.P.A.) prepared the original return based on the divorce decree, which Mr. Johnson provided.

**[\*4]** In a notice of deficiency dated October 19, 2011, respondent disallowed the alimony deduction and determined a deficiency of $15,532 in Mr. Johnson's 2008 Federal income tax and an accuracy-related penalty under section 6662(a) of $3,106. Mr. Johnson filed a petition disputing the adjustment and the accuracy-related penalty.

On February 17, 2012, after the petition was filed, Mr. Johnson's C.P.A. amended the 2008 tax return and reported an alimony deduction of $70,848. The amendment increased the reported alimony to include the portion of Mr. Johnson's bonus that he paid to his ex-wife pursuant to the decree, which Mr. Johnson did not claim on his original return. Mr. Johnson amended his petition to include the additional amount paid with respect to his bonus.

Mr. Johnson's ex-wife reported all of the spousal support payments received from Mr. Johnson as taxable income on her return.

OPINION

The issues for decision are: (1) whether Mr. Johnson is entitled to an alimony deduction for spousal maintenance payments made during 2008, and (2) whether he is liable for a section 6662(a) accuracy-related penalty.

**[*5]** I. Burden of Proof

The Commissioner's determinations in a notice of deficiency are generally presumed to be correct and taxpayers bear the burden of proving otherwise.[2] Income tax deductions are a "matter of legislative grace", and the burden of proving entitlement to any claimed deduction rests on the taxpayer.[3] Here, the facts are not in dispute, and all of the questions to be resolved are questions of law.

II. Alimony v. Child Support

The issue in this case concerns the characterization of the spousal maintenance payments that Mr. Johnson made in 2008: whether they are alimony or child support. The tax consequences as to both the payor and the recipient turn on the characterization.

Section 215(a) allows a deduction to the payor for an amount equal to the alimony paid during the taxable year to the extent it is includible in the recipient spouse's gross income under section 71(a). Whether a payment constitutes alimony is determined by reference to section 71(b)(1), which defines "alimony" as any cash payment if: (1) the payment is received by a spouse under a divorce or

---

[2]Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

[3]Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

[*6] separation instrument; (2) the divorce or separation instrument does not state that the payment is neither includible in gross income nor allowable as a deduction; (3) the payor and payee spouses are not members of the same household when the payment is made; and (4) the payment obligation terminates at the death of the payee spouse and there is no liability to make either a cash or a property payment as a substitute for the payment after the death of the payee spouse.

Section 71(c)(2), however, provides that the amount of any payment that is subject to "contingencies involving child" must be considered payment made for the support of the child. The Code specifically lists "[child] leaving school" as an example of such a contingency.[4]

We have previously decided that even if there are separately allocated child support payments, other monthly payments made pursuant to a decree will still qualify as child support if the decree contains an explicit contingency related to a child. In Hammond v. Commissioner,[5] the taxpayer made monthly payments pursuant to a divorce decree that stated that the payments would terminate on the

---

[4]Sec. 71(c)(2)(A) and (B).

[5]Hammond v. Commissioner, T.C. Memo. 1998-53, 75 T.C.M. (CCH) 1745, 1747.

[*7] taxpayer's child's 18th birthday or at the time of remarriage of the taxpayer's ex-wife.  In addition to these monthly payments, the taxpayer was obligated to make separately allocated, fixed payments for child support.[6]  The taxpayer in Hammond argued that because there was separately allocated child support, the monthly payments at issue were alimony.[7]  We found no authority in support of the taxpayer's proposition and held that the amount of any payment that "will be reduced on the happening of a contingency relating to a child" is child support and not alimony regardless of the existence of a separate child support payment.[8]

In this case, the divorce decree clearly states that the support payments will terminate upon the graduation of the youngest child.  With this kind of contingency, the statute compels us to characterize the payments as child support.[9]  The fact that the divorce decree specifies that the payments are to be deducted by

---

[6]Hammond v. Commissioner, 75 T.C.M. (CCH) at 1746.

[7]Hammond v. Commissioner, 75 T.C.M. (CCH) at 1747.

[8]Hammond v. Commissioner, 75 T.C.M. (CCH) at 1747.  Notably, in our case as in Hammond, the spousal maintenance payments were subject to both a child-related contingency and ex-wife related contingencies (i.e., payment to terminate upon remarriage or death of the ex-wife).

[9]Sec. 71(c)(2)(A) and (B).

**[*8]** Mr. Johnson is not controlling.[10] The Court does not rely on the intent of the parties when defining alimony for Federal income tax purposes but applies the explicit requirements laid out in section 71.[11] Therefore, Mr. Johnson's argument that the graduation of the youngest child from high school was intended as a mere reference point for the termination of spousal support holds no value.

Accordingly, we hold that Mr. Johnson is not entitled to an alimony deduction regarding the support payments made to his ex-wife.

## III. Accuracy-Related Penalty

We must also decide whether Mr. Johnson is liable for an accuracy-related penalty under section 6662(a).

Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty on "any portion of an underpayment of tax required to be shown on a return" if the underpayment is due to, among other reasons, negligence, disregard of rules or regulations, or any substantial understatement of income tax. An understatement of income tax is "substantial" if the understatement exceeds the greater of 10% of

---

[10]Jacklin v. Commissioner, 79 T.C. 340, 351-352 (1982).

[11]Okerson v. Commissioner, 123 T.C. 258, 264-265 (2004).

**[\*9]** the tax required to be shown on the return or $5,000.[12]  Respondent bears the

burden of production with respect to the penalty.[13]

The penalty will not apply to any portion of an underpayment for which a

taxpayer establishes that he or she had reasonable cause and acted in good faith.[14]

The Court must consider all facts and circumstances in determining whether the

taxpayer acted with reasonable cause and in good faith.[15]  In order to establish

good-faith reliance on an adviser, the taxpayer must prove that (i) he gave the

return preparer complete and accurate information, (ii) an incorrect return was the

preparer's fault, and (iii) he believed in good faith that he was relying on a

competent return preparer's advice as to the tax treatment.[16]  As long as the

taxpayer acted in good faith and his reliance was reasonable, taking into

---

[12]Sec. 6662(d)(1)(A).

[13]Sec. 7491(c).

[14]Sec. 6664(c)(1).

[15]Sec. 1.6664-4(b)(1), Income Tax Regs.

[16]Estate of Goldman v. Commissioner, 112 T.C. 317, 324 (1999) (citing Metra Chem Corp. v. Commissioner, 88 T.C. 654, 662 (1987)), aff'd without published opinion sub nom.  Schutter v. Commissioner, 242 F.3d 390 (10th Cir. 2000).

[*10] consideration all of the facts and circumstances, reliance on the advice of a return preparer will generally demonstrate reasonable cause and good faith.[17]

The understatement involved in this case exceeds 10% of the tax required to be shown on the return, and is greater than $5,000. Consequently, respondent satisfied his burden of production.

We are satisfied on this record, however, that Mr. Johnson reasonably relied on the professional advice of his return preparer. Mr. Johnson hired a C.P.A. to prepare his 2008 tax return and provided his C.P.A. with a copy of the divorce decree, which was necessary for the completion of the tax return. The record does not indicate that the C.P.A. was incompetent or inexperienced. It was reasonable for Mr. Johnson to rely on his C.P.A., and he was not required to second-guess his C.P.A.'s advice.[18]

Accordingly, Mr. Johnson is not liable for the section 6662(a) accuracy-related penalty.

---

[17]Lapoint v. Commissioner, T.C. Memo. 2012-107, 103 T.C.M. (CCH) 1591, 1593-1594 (citing United States v. Boyle, 469 U.S. 241, 251 (1985)).

[18]United States v. Boyle, 469 U.S. 241, 251 (1985) (holding that it is reasonable for a taxpayer to rely on the advice of an attorney or an accountant, because "[m]ost taxpayers are not competent to discern error in the substantive advice of an accountant or attorney").

[*11] The Court is bound by the laws as written.[19] The Code specifically provides that the amount of a payment that is subject to a reduction due to child-related contingency is not alimony, but child support.[20] On the basis of our examination of the record before us and the parties' arguments at trial, we find that Mr. Johnson is not entitled to an alimony deduction for the spousal maintenance payments.

However, Mr. Johnson is not liable for an accuracy-related penalty because he was able to show that he acted reasonably and in good faith.

To reflect the foregoing,

Decision will be entered for respondent as to the deficiency and for petitioner as to the accuracy-related penalty under section 6662(a).

---

[19]Commissioner v. McCoy, 484 U.S. 3, 7 (1987); Hays Corp. v. Commissioner, 40 T.C. 436, 442-443 (1963), aff'd, 331 F.2d 422 (7th Cir. 1964).

[20]Sec. 71(c).