T.C. Summary Opinion 2015-25

UNITED STATES TAX COURT

JOSHUA HENRY WISH, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25726-12S.                    Filed April 6, 2015.

Joshua Henry Wish, pro se.

<u>Emerald G. Smith</u>, for respondent.

SUMMARY OPINION

GERBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $5,593 deficiency and a $1,118.60 accuracy-related penalty with respect to petitioner's Federal income tax for 2009. After concessions, the issues remaining for our consideration are: (1) whether petitioner may deduct, as alimony, amounts paid to his former wife during 2009 and (2) whether petitioner is liable for an accuracy-related penalty under section 6662(a).

## Background

Petitioner, who is a schoolteacher by profession, resided in California at the time his petition was filed. He was formerly married and has one child. During the marriage his family moved to Arizona where petitioner taught school on an Indian reservation. Petitioner and his family also resided on the reservation, and he and his former wife decided to homeschool their child as an alternative to the child's attending the school on the reservation. Because of their decision to homeschool their child, petitioner's former wife was not able to work.

One year after the homeschooling began, petitioner obtained a teaching position in Oceanside, California, and he and his family moved from the reservation. Their child had learning disabilities, and petitioner and his former wife decided to continue the homeschooling in California. When petitioner and

his former wife decided to divorce, they agreed that their child should continue to be homeschooled, and they understood that petitioner's former wife was making a financial sacrifice by not working. With that understanding, they agreed that petitioner would, in addition to paying child support, pay alimony to his former wife until such time as she could resume working.

On January 12, 2009, petitioner's former wife filed an action for dissolution of their marriage in California superior court, which petitioner consented to and did not contest. Neither party was represented by an attorney. Petitioner began paying spousal and child support in January 2009. The superior court entered a judgment dissolving the marital relationship on May 24, 2009. Among other things, the superior court ordered separate amounts of spousal and child support as per the stipulated agreement of petitioner and his former wife. Petitioner and his former wife drafted the stipulated agreement upon which the superior court based its order.

The stipulated agreement provided that petitioner would "pay $1,200 a month in child support until May 31, 2013 [and at] that time child support [would] be reduced to $600, with a $100 reduction each year with support ending upon the 18th birthday of the child." In accord with petitioner and his former wife's understanding that spousal support would give her financial independence, they

stipulated that his former wife would receive $3,800 per month until May 31, 2013. If his former wife discontinued homeschooling their child, then her spousal support would be reduced 50%, or to $1,900. Finally, if the former wife remarried, then her spousal support would be discontinued.

Under the May 24, 2009, judgment, petitioner was required to pay $5,000 per month ($1,200 child support and $3,800 spousal support). The superior court ordered that the support payments be withheld from petitioner's earnings. Under Federal law, generally, no more than a percentage of an employee's disposable income may be withheld for support. Because of that limitation, petitioner made the remainder of the support payments by check or in cash.

On his 2009 Form 1040, U.S. Individual Income Tax Return, petitioner reduced his gross income by $39,900[2] by claiming an alimony deduction. The amount of spousal support was reduced by half (to $1,900) beginning September 2009 because petitioner's former wife decided to go back to work and, as a result, she could no longer homeschool their child. Petitioner's former wife decided to

---

[2]The $39,900 deduction that petitioner claimed was overstated by $1,900. His calculation was based on $3,800 for the first eight months ($30,400), leaving four months at $1,900 ($7,600) for a total of $38,000. Petitioner apparently used a multiple of five times the $1,900 ($9,500) to arrive at $39,900 as his alimony deduction.

return to work after petitioner had refused to increase her spousal support during July 2009.

During respondent's audit examination petitioner was able to substantiate $39,300 of payments for support, which included alimony and child support payments. Respondent determined on the basis that the payments were conditional on the child's being homeschooled that only $9,700 of the spousal support delineated in the superior court order was alimony. On that basis, respondent disallowed $30,200 of the deduction.[3]

## Discussion[4]

The primary issue we consider is whether the amounts petitioner paid to his former wife were alimony or child support. If they were alimony, the payments are deductible, but if child support, they are not.

---

[3]There is no explanation in the notice of deficiency of how respondent determined that only $30,200 of the claimed alimony deduction of $39,900 should be disallowed, so that presumptively $9,700 would be deductible as alimony. Respondent's explanation in his brief is discussed infra.

[4]Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); see Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden of proof may shift to the Commissioner if the taxpayer proves that he or she has satisfied certain requirements. Sec. 7491(a); see Baker v. Commissioner, 122 T.C. 143, 168 (2004). The parties have not raised the question of the burden of proof.

Section 215(a) and (b) allows as a deduction to the payor an amount equal to the alimony or separate maintenance payments made during the payor's taxable year that are includible in the recipient's gross income under section 71(a). Whether a payment constitutes alimony or separate maintenance within the meaning of sections 71(a) and 215(a) is determined by reference to section 71(b). Section 71(b) defines an alimony or separate maintenance payment as follows:

> SEC. 71(b). Alimony or Separate Maintenance Payments Defined.--For purposes of this section--
>
> (1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if--
>
>> (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,
>>
>> (B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under his section and not allowable as a deduction under section 215,
>>
>> (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and
>>
>> (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Section 71(c), relating to payments to support children, provides in relevant part:

> SEC. 71(c).  Payments To Support Children.--
>
> (1) In general.--Subsection (a) shall not apply to that part of any payment which the terms of the divorce or separation instrument fix (in terms of an amount of money or a part of the payment) as a sum which is payable for the support of children of the payor spouse.
>
> (2) Treatment of certain reductions related to contingencies involving child.--For purposes of paragraph (1), if any amount specified in the instrument will be reduced--
>
>> (A) on the happening of a contingency specified in the instrument relating to a child (such as attaining a specified age, marrying, dying, leaving school, or a similar contingency), or
>>
>> (B) at a time which can clearly be associated with a contingency of a kind specified in subparagraph (A),
>
> an amount equal to the amount of such reduction will be treated as an amount fixed as payable for the support of children of the payor spouse.

Thus, under section 71(c), if under the terms of the divorce or separation instrument any amount specified in the instrument will be reduced on the happening of a contingency relating to a child, including the child's attaining a specified age, an amount equal to the amount of the reduction will be treated as child support and will not qualify as alimony.

Therefore we must consider whether, under the circumstances of this case, the contingency related to the former wife or to the child. If it related to the former wife, then it is alimony. If it related to the child, it is child support.

Respondent contends that the contingency in the spousal support agreement relates to the child. Petitioner contends that the contingency relates to the time when his former wife would decide to return to work and to no longer homeschool the child. In support of his position, respondent references cases where this Court has held that the contingencies related to the child. In particular, respondent cites Hammond v. Commissioner, T.C. Memo. 1998-53, where the spousal support ended when the child reached 18 years of age, and Johnson v. Commissioner, T.C. Memo. 2014-67, where the spousal support ended when the last child graduated from school. In those cases, as well as the many other cases on the subject, the language was clear and unambiguous and caused the cessation of the payments upon a specific and ascertainable event relating to a child or children.

Petitioner and his former wife entered into the agreement that she would homeschool their child with the explicit understanding that their decision would cause financial hardship for her because she would not be able to work while performing the schooling. Under the terms of the written agreement and their understanding, it was solely within his former wife's discretion as to whether she

would go back to work or continue homeschooling their child. During the seventh month of the agreement under the divorce order, the former wife requested increased spousal support payments from petitioner, but he was unable or unwilling to pay more. Hence, petitioner's former wife decided to return to work, and therefore the child was no longer homeschooled. That did not mean that the child was not schooled, because the child continued to be schooled, albeit at a different location, i.e., public school. Accordingly, the contingency was not whether the child discontinued school, but whether petitioner's former wife was willing to make financial sacrifices by not working so as to provide the schooling.

Petitioner agreed to pay $1,200 per month of child support and $3,800 of spousal support with the understanding that his former wife would homeschool their child. The amount of spousal support was to be reduced to $1,900 (one-half) if his former wife choose to return to work and no longer homeschooled their child. There is a clear and direct relationship between the amount of spousal support payments and his former wife's choice to work. There was no contingency that depended on the child, who continued to go to school, albeit a different school. Under these circumstances the reduction in payments to his former wife was a reduction in alimony. We note that the child support remained at $1,200 both before and after the situs of the child's school changed. We also

note that the spousal support went from $3,800 to $1,900 after petitioners' former wife went back to work. Finally, we note that respondent agrees that the $1,900 paid to petitioner's former wife, both before and after the child changed schools was "alimony".

We now consider the amount of petitioner's alimony deduction. Petitioner claimed a deduction of $39,900 for alimony on his 2009 income tax return. Respondent disallowed $30,200 and, accordingly, allowed $9,700 as an alimony deduction. Although the notice of deficiency does not explain the derivation or computation of these numbers, on brief respondent provides the following chart to show the differences:

| | |
|---|---|
| Total payments 2009 | $39,300 |
| Payments designated child support | (14,400) (1,200 x 12) |
| Other child support | (13,300) (1,900 x 7) |
| Deductible alimony | [1]9,700 |

[1]Respondent's calculation does not result in the $9,700 amount shown in the calculation. Instead, the difference between the numbers should have been $11,600. Respondent made this error because of petitioner's $1,900 error in calculating alimony for the year. Respondent's error is also $1,900 off ($11,600 is $1,900 more than $9,700). Respondent's error occurred because he used a number that was based on the overstated annual amount of alimony and subtracted amounts based on the actual monthly amounts that did not include the additional $1,900 by which petitioner overstated the amount of alimony on his return. In any event, respondent allowed $9,700 of alimony by disallowing $30,200 of the $39,900 that petitioner deducted.

The $39,300 is the amount respondent contends that petitioner was able to substantiate. The child support payments are self-explanatory, and there is no disagreement about the amount. The "Other Child Support" is based on respondent's interpretation of the circumstances of this case, i.e. that one-half of the spousal support payments for the first seven months was child support. Respondent's position is out of sync with the facts, as the superior court approved the reduction from $3,800 to $1,900 late in August in accordance with petitioner and his former wife's agreement filed with the superior court.

Disregarding for the moment the substantiation question, under respondent's theory and position, petitioner would have been entitled to $1,900 times 12 months or $22,800. Under petitioner's position he would have been entitled to alimony of $3,800 for eight months ($30,400) and $1,900 for four months ($7,600) or total alimony of $38,000. We note that petitioner made an error in claiming a $39,900 alimony deduction by calculating one additional month at $1,900 to reach the $39,900 amount instead of $38,000.

The documents in the record show that, as far as the withholding of support payments from petitioner's wages, he was current in his payments through the time the superior court order was issued in May 2009, and petitioner's wage statements reflect that his payments after August 2009 were being withheld at the rate of

$3,100 per month, which included $1,200 of child support and the $1,900 of reduced alimony as per the agreement.

These public records, however, fall short of the total amount of support paid for the year because there are Federal withholding percentage limitations on the amount that can be withheld. The reduced amount of $3,100 was below that limitation, and therefore the full amount of support was withheld for September through December 2009. Before that time petitioner's total support payment was $5,000 per month ($1,200 of child support and $3,800 of spousal support), which exceeded the Federal withholding limitations. During those months that the withholding was less than $5,000, petitioner made payments in cash and by check. In that regard, petitioner provided sufficient evidence to show that his support payments were up to date and not in arrears. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

We accordingly hold that petitioner is entitled to a $38,000 alimony deduction for 2009. Because respondent allowed $9,700, petitioner would be entitled to deduct an additional $28,300 in alimony. Therefore respondent's determination that $30,200 of petitioner's alimony deduction should be disallowed

is sustained only to the extent of $1,900, the amount by which petitioner overstated the $39,900 alimony claimed on his 2009 return.

Accuracy-Related Penalty

Respondent also determined a 20% accuracy-related penalty under section 6662(a) and (b)(2) on the underpayment for 2010 because it was attributable to a substantial understatement of income tax. Because of our holding that petitioner was entitled to all but $1,900 of the claimed alimony deduction, his understatement of income tax for 2009 will be less than 10% of the tax required to be shown on the return and less than $5,000. Accordingly, petitioner is not liable for an accuracy-related penalty. In addition, the accuracy-related penalty is not imposed with respect to any portion of the underpayment of tax if the taxpayer can establish that he acted with reasonable cause and in good faith with respect to that portion. Sec. 6664(c)(1). Considering the pertinent facts and circumstances, we hold that petitioner acted with reasonable cause and in good faith.

To reflect the foregoing,

Decision will be entered

under Rule 155.