T.C. Memo. 2020-39

UNITED STATES TAX COURT

TIMOTHY CLINTON BIDDLE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4118-18.                    Filed April 6, 2020.

Timothy Clinton Biddle, pro se.

<u>Liat Devere</u> and <u>Brock E. Whalen</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency of $8,437 in

petitioner's 2015 Federal income tax and a section 6662(a)[1] accuracy-related

_____

   [1]  All section references are to the Internal Revenue Code (Code) in effect
for the year at issue, and all Rule references are to the Tax Court Rules of Practice
and Procedure.

[*2] penalty of $1,687.40.  After concessions,[2] the issue for decision is whether petitioner's payments to his former spouse, in accordance with a divorce decree, were deductible alimony payments under section 215.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  We incorporate the first stipulation of facts and accompanying exhibits by this reference. Petitioner resided in El Paso, Texas, when he timely filed his petition.

Petitioner's Background and Original Divorce Decree

Petitioner and his former spouse were married for 14 years and had four children together before they officially dissolved their marriage on April 19, 2010. The dissolution of their marriage resulted in a divorce decree (decree) issued by the Florida Circuit Court in Alachua County (circuit court).  The decree included provisions pertaining to "child support" and "alimony".  Under the heading "child support", the decree ordered petitioner to pay his ex-spouse monthly child support of $1,795.63 starting April 19, 2010, and continuing each month until the

---

[2] On brief respondent concedes that petitioner is not liable for the sec. 6662(a) accuracy-related penalty.

**[*3]** happening of one of the following events:  each child (1) reaches 18 years of age,[3] (2) dies, (3) marries, (4) enters military school, or (5) becomes self-sufficient.

Additionally, under the heading "alimony", the decree ordered petitioner to pay monthly "permanent periodic alimony" of $1,592.50 for at least five years commencing on the date of the final judgment and continuing until the occurrence of one of the following events:  (1) the youngest child's 18th birthday, (2) the wife or husband's death, (3) the wife's remarriage at the five-year point or anytime thereafter, or (4) the wife becomes self-supporting.  The decree also provided:  "If, at any time, the Husband receives a pay raise, then he shall immediately add 50% of the net increase amount to his pay to the * * * alimony payment and shall continue to make direct payments to the Wife for so long as she is entitled to permanent periodic alimony under this subprovision."

Modification of the Original Divorce Decree

On November 7, 2011, the circuit court issued an "Order Modifying Child Custody, Child Support, and Alimony" (modified decree).  Because petitioner took custody of an additional child, the modified decree reduced petitioner's monthly

---

[3]  With respect to this contingency, the decree provided that support would continue between the ages of 18 and 19 if the child was still in high school on his or her 18th birthday.  In this case the child support obligation would terminate in May of each child's graduation year.

[*4] child support payment from $1,795.63 to $407.50. Despite its title the modified decree did not change the monthly designated alimony payment or the contingencies that would terminate those payments. Thus, as of November 7, 2011, petitioner's monthly payment to his ex-spouse totaled $2,000, $407.50 of which was designated as child support and $1,592.50 of which was designated as alimony.

Petitioner made payments to his ex-spouse in accordance with the modified decree until March 2018.[4]

Tax Return and Notice of Deficiency

On his Federal income tax return for 2015 petitioner claimed an alimony deduction of $28,000. In a notice of deficiency dated November 29, 2017, respondent disallowed the alimony deduction.

OPINION

I.    Burden of Proof

As a general rule the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of

---

[4] At this time petitioner stopped making the designated alimony payments to his ex-spouse because she became entitled to one-half of his military retirement pay. In August 2019 the circuit court relieved petitioner of his spousal and child support obligations.

[*5] proving that the determination is incorrect.[5] Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1993). Deductions are a matter of legislative grace, and the taxpayer ordinarily bears the burden of proving entitlement to any deduction claimed. Rule 142(a); <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).

## II.    Alimony Deduction

Petitioner deducted alimony of $28,000 on his 2015 return. Petitioner argues that the deduction was proper because the payments were made pursuant to his obligation to pay "alimony" under the decree. He further contends that the decree and the modified decree designated alimony and child support as two separate payments. Conversely, respondent contends that petitioner's designated alimony payments were nondeductible child support payments because one of the contingencies that would terminate the payments was petitioner's youngest child's 18th birthday. We agree with respondent.

Section 215(a) and (b) allows a deduction to the payor for an amount equal to the alimony paid during the taxable year to the extent it is includible in the recipient spouse's gross income under section 71(a). Whether a payment

---

[5] Petitioner does not contend that the burden of proof should be shifted to respondent pursuant to sec. 7491(a), and there is no justification on this record for doing so. See <u>Higbee v. Commissioner</u>, 116 T.C. 438, 442-443 (2001).

**[*6]** constitutes alimony is determined by reference to section 71(b)(1), which defines "alimony" as any cash payment if: (1) the payment is received by a spouse under a divorce or separation instrument; (2) the divorce or separation instrument does not state that the payment is neither includible in gross income nor allowable as a deduction; (3) the payor and payee spouses are not members of the same household when the payment is made; and (4) the payment obligation terminates at the death of the payee spouse and there is no liability to make either a cash or a property payment as a substitute for the payment after the death of the payee spouse.

Section 71(c)(2), however, provides that the amount of any payment that is subject to "contingencies involving child" must be considered payment made for the support of the child. The Code specifically lists "child * * * attaining a specified age" as an example of such a contingency. Sec. 71(c)(2)(A).

We have previously decided that even if there are separately allocated child support payments, other monthly payments made pursuant to a judicial decree will still qualify as child support under section 71 if it contains an explicit contingency related to a child. In Hammond v. Commissioner, T.C. Memo. 1998-53, 1998 Tax Ct. Memo LEXIS 55, at *5, the taxpayer made monthly payments pursuant to a divorce decree that stated that the payments would terminate on the earlier of the

**[*7]** taxpayer's child's 18th birthday or the remarriage of the taxpayer's ex-wife. In addition to these monthly payments the taxpayer was obligated to make separately allocated, fixed payments for child support. Id. at *4-*5. The taxpayer in Hammond argued that because there was separately allocated child support, the monthly payments at issue were alimony. We found no authority in support of the taxpayer's proposition and held that the amount of any payment that "will be reduced on the happening of a contingency relating to a child" is child support and not alimony regardless of the existence of a separate child support payment. Id. at *8-*10.

As in Hammond, the decree in the instant case clearly states that the designated alimony payments would terminate on the contingency that petitioner's youngest child turns 18. This is the exact contingency relating to a child that is listed as an example in section 71(c)(2)(A) that would qualify a payment as child support. With this contingency, we are compelled to characterize the designated alimony payments at issue as child support.

Petitioner argues that the amounts designated as alimony under the decree are deductible because the decree differentiates between alimony and child support. It is true that the decree specifically designated the amounts of spousal and child support. However, as we held in Hammond, although the divorce decree

**[\*8]** designates amounts to child support and alimony, the alimony payments will still qualify as child support if the decree has a contingency relating to a child.

In addition petitioner argues that he and his ex-spouse never intended to make their youngest child's 18th birthday a contingency for the termination of the designated alimony payment. In defining alimony section 71(b) does not list the parties' intent as a factor. Thus, the Court cannot rely on the intent of the parties in determining whether a payment should be characterized as alimony for Federal income tax purposes; it must apply the explicit requirements listed under section 71(b). See Johnson v. Commissioner, T.C. Memo. 2014-67, at \*5. Therefore, petitioner's argument that the parties intended that the designated alimony payments would continue indefinitely, regardless of the contingency relating to his youngest child's 18th birthday, is unavailing. That the designated alimony payments were also subject to termination contingencies relating to petitioner's ex-spouse does not change this result. See id. at \*7-\*8.

Because we are compelled to characterize the payments at issue as child support, we sustain respondent's disallowance of petitioner's alimony deduction. We have considered all other arguments made by the parties, and to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

[*9]   To reflect the foregoing and the parties' concessions,

<u>Decision will be entered for</u>

<u>respondent as to the deficiency and</u>

<u>for petitioner as to the accuracy-related</u>

<u>penalty</u>.