NOT FOR PUBLICATION

FILED

**UNITED STATES COURT OF APPEALS**

FEB 7 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALEJANDRO J. ROJAS; ELENA G. ROJAS,

          Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE,

          Respondent-Appellee.

No. 22-70232

Tax Ct. No. 7453-19

MEMORANDUM[*]

Appeal from a Decision of the
United States Tax Court

Submitted February 5, 2024[**]
Pasadena, California

Before: WARDLAW, FRIEDLAND, and SUNG, Circuit Judges.

Petitioners Alejandro J. and Elena Rojas appeal from the Tax Court's

decision affirming the Commissioner of Internal Revenue's denial of an alimony

deduction under 26 U.S.C. § 215(a) and the Commissioner's related conclusion

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

that Petitioners owe a federal income tax deficiency for the 2016 tax year. We review the Tax Court's decision "on the same basis as decisions in civil bench trials in district court, and accordingly, we review conclusions of law de novo and questions of fact for clear error." *Gardner v. Comm'r of Internal Revenue*, 845 F.3d 971, 975 (9th Cir. 2017). We have jurisdiction under 26 U.S.C. § 7482, and we affirm.

Pursuant to 26 U.S.C. § 71(c), the Commissioner denied the § 215(a) deduction because the Commissioner found that, under the language of Mr. Rojas's divorce judgment, Mr. Rojas's payments to his former wife would terminate upon the emancipation of their children. Applying § 71(c), the Commissioner concluded that the full termination of the payments constituted a reduction dependent "on the happening of a contingency specified in the instrument relating to a child (such as attaining a specified age, marrying, dying, leaving school, or a similar contingency)," so the payment could not be claimed as an alimony deduction from Mr. Rojas's taxes. *See* 26 U.S.C. § 71(c)(2)(A).[1] Petitioners argue solely that the § 71(c) exception to the § 215(a) deduction cannot apply because a California Superior Court already determined in 2014 that there was "no current child support

---

[1] 26 U.S.C. §§ 71 and 215 were both repealed on December 22, 2017, for divorce and separation agreements executed or modified after December 31, 2018. Budget Fiscal Year, 2018, Pub. L. No. 115-97, § 11051, 131 Stat. 2054, 2089–90. Because Petitioners claim a deduction under § 215 for the 2016 tax year based on a 2012 divorce judgment, we reference the versions of the statute in effect in 2016.

order" in the 2012 divorce judgment between Mr. Rojas and his former wife. Petitioners argue that the Full Faith and Credit Act, 28 U.S.C. § 1738, precludes the Commissioner from relitigating whether the "family support" provision in the divorce judgment is "child support" within the § 71(c) exception. It does not, for at least two reasons.

First, the Tax Court did not err in finding that Petitioners misinterpreted the California Superior Court's 2014 order. The Tax Court concluded that the Superior Court's order "merely reflects that under the express terms of the divorce instrument the payments in question were labeled neither as 'child support' nor as 'spousal support' but rather as 'family support,' which under California law represents combined, but unallocated, child support and spousal support." *Rojas v. Comm'r of Internal Revenue*, 124 T.C.M. (CCH) 40, 2022 WL 2800493, at *5 (T.C. 2022) (citing Cal. Fam. Code § 92 (West 2022)). Upon review of the California Superior Court's order and the text of the divorce judgment, we agree. The Superior Court's order simply clarifies the category of support as labeled in the divorce judgment, without commenting on the nature of the "family support" for tax purposes or determining whether such support constitutes a child-related contingency. Accordingly, the Full Faith and Credit Act did not bar the Commissioner from litigating those unresolved questions before the Tax Court.

Second, the plain text of § 71(c) does not condition the availability of the

§ 215(a) deduction on the label given to maintenance support by the parties or a family court. Rather, the language of the statute emphasizes the functional inquiry of whether a child-related contingency triggers any reduction in the maintenance support. *See* 26 U.S.C. § 71(c)(2). Although we are not bound by the Tax Court's rulings, we note that the Tax Court has consistently interpreted maintenance support subject to reduction due to a child-related contingency as triggering § 71(c)—regardless of the label that divorcing spouses have given to the maintenance support. *See, e.g.*, *Biddle v. Comm'r of Internal Revenue*, 119 T.C.M. (CCH) 1249 (T.C. 2020); *Hammond v. Comm'r of Internal Revenue*, 75 T.C.M. (CCH) 1745 (T.C. 1998). Here, because the 2012 divorce judgment conditions the termination of the family support payment on the emancipation of both minor children, the Commissioner correctly determined that § 71(c) bars a deduction for those amounts paid by Mr. Rojas to his former wife.[2]

**AFFIRMED.**

---

[2] Even assuming Petitioners adequately preserved their argument that they should receive an equitable exception from the application of § 71(c), it is settled law that "[t]he Tax Court is a court of limited jurisdiction and lacks general equitable powers." *Comm'r of Internal Revenue v. McCoy*, 484 U.S. 3, 7 (1987) (per curiam).